[No. 1627. Decided July 13, 1895.]

DAVID MURRAY, *Respondent*, v. THE OKANOGAN LIVE STOCK AND DRESSED BEEF CO. *et al., Appellants.*

EQUITY — RIGHT TO JURY TRIAL — CONVERSION — MEASURE OF DAMAGES — CONTRACT OF CORPORATION NOT TO ENGAGE IN BUSINESS — EFFECT ON STOCKHOLDERS — FAILURE OF CONSIDERATION — PLEADING.

A defendant is not entitled to a jury trial, although the action against him is substantially one for damages, when the remedy is sought against him in an action seeking equitable relief against other parties, to which he is a proper party defendant by reason of his relations to the subject matter of the suit.

In an action for damages by the owner of the good will and personal property connected with the operation of a certain business against his lessees and a purchaser to whom they had negotiated a

sale thereof, a judgment against the purchaser for the price contracted to be paid his grantors is not prejudicial to him, when he has gone into possession of the property and business under an agreement with his grantors that said sum should be paid them or their successors in the trust in case of a decision against the purchaser at the suit of the alleged owner.

An agreement that a corporation is not to engage in a similar business in a certain locality within a stipulated period of time, is inoperative against the individual members of the corporation.

Evidence of a failure of consideration is inadmissible in the absence of a plea setting up such defense.

*Appeal from Superior Court, King County.*

*M. Gilliam*, and *Metcalfe & Jurey*, for appellants.

*Burke, Shepard & Woods*, and *Charles E. Shepard*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—The defendants, Hill and Granger, were in possession of and conducting a wholesale and retail butcher business in the city of Seattle known as the People's Market. They claimed to own and to have the right to sell the goodwill of said business. They were also in possession of certain tools, implements, and slaughterhouse property used in connection with the business under an oral lease from the plaintiff.

The defendant Splawn, acting for himself and the defendants Bounds and Meyer, agreed with Hill and Granger to purchase said business and the leasehold interest in said personal property and slaughterhouse. While Splawn was preparing to engage in said business, he learned that the plaintiff claimed to own it, and he notified him by telegraph that he had bought the same of Hill and Granger as aforesaid. On receipt of this notice the plaintiff came to Seattle and claimed to own the business, whereupon Splawn caused

his agreement with Hill and Granger to be reduced to writing, and it, with the consideration of $3,000 moving from him therefor, which was represented by a promissory note for that amount, was deposited with the defendant, National Bank of Commerce, to await action on the part of the plaintiff. Said written agreement was executed by Splawn individually, and not by Splawn and Company. It contained the following provisions material to the question here considered:

"It is agreed that if said Murray or any person claiming under him shall within sixty days hereafter, legally prevent said Splawn from having and enjoying the right hereby conveyed, then the said money shall be returned to said Splawn by the said bank, and this transfer shall be deemed void; but if the said Murray shall not within that time legally prevent said Splawn from having and enjoying the right hereby conveyed then said money shall be paid by the bank to the grantors or their successors in the trust herein: *Provided*, however, that if within the said sixty days said Murray shall commence legal proceedings to prevent the enjoyment of said right by the said Splawn, then the money shall remain in the bank unto the termination of such proceedings, and then be returned to said Splawn or paid to the grantors herein or their successors in the trust, accordingly as the decision may be for or against the right of said Splawn, as hereinbefore stated."

The plaintiff was not a party to this agreement. After the execution thereof the defendants Splawn, Bounds. and Meyer, under the firm name of A. J. Splawn & Co., took possession of the property aforesaid, and conducted said business. The plaintiff subsequently began this action to obtain certain relief of an equitable nature against Hill and Granger and the Okanogan Live Stock and Dressed Beef Company, and especially to have himself adjudged to be the owner of

the property aforesaid,. and of the goodwill of said
business, which latter he alleged to be very valuable;
that Hill and Granger had undertaken to dispose of
the same in fraud of his rights and that Splawn, or
Splawn & Co., had converted said goodwill, and
alleged damages in the sum of $5,000, and he asked to
have appellants and said firm of A. J. Splawn & Co.
charged as trustees for him of said. business, and that
the defendant bank be required to apply the amount
deposited with it upon whatever judgment he might
recover in said action for the alleged conversion of
said goodwill, etc. Separate answers were filed and a
trial had, and judgment was rendered in favor of the
plaintiff. Two appeals were prosecuted therefrom.
The Okanogan Live Stock. and Dressed Beef Co., and
Hill and Granger, and Hill, as receiver, joined in one
appeal, and Splawn appealed separately.

Upon the argument of the case here it was objected
that the appeal first mentioned should not be consid-
ered for want of exceptions to the findings of fact by
the lower court, and a motion was made for the affirm-
ance of the judgment as to said parties on that ground.
An examination of the record discloses the fact that no
sufficient exceptions were taken by these appellants to
the findings of fact under the repeated holdings of this
court, and as to such appellants the judgment of the
lower court is affirmed. The effect of this is to relieve
Splawn of liability as to said parties, and to make him
liable, if at all, to the plaintiff.

As against appellant Splawn the court assumed that
the sum of $3,000 which he had agreed to pay for the
business, etc., was the measure of damages which the
plaintiff was entitled to recover, and it was directed to
be paid to the plaintiff accordingly.

Several errors are alleged by Splawn as entitling

him to a reversal of the judgment. It is contended that the plaintiff's action against him was substantially one for damages and that he was entitled to a trial by jury. He demanded one and the court refused it. It is conceded that the action as against the other parties was properly brought on the equity side of the court, and we think that Splawn's relation to the subject matter of the suit in having succeeded to Hill and Granger, being in possession of the property and conducting the business, having obtained the benefit of the goodwill, and in view of the provisions of the agreement hereinbefore set forth, were such as to make him a proper party defendant; and it is well settled that a court of equity having obtained jurisdiction for one purpose has jurisdiction for all purposes, and a trial by jury of any of the issues involved therein is not a matter of right, but one which simply rests in the discretion of the court, and we do not find that there was an abuse of such discretion in this instance.

It is further contended that the price which Splawn had agreed to pay to Hill and Granger as aforesaid could not be held to constitute the measure of the plaintiff's damages, and it is also contended that under the agreement it was stipulated that in case the plaintiff should establish a right to the property and business that the consideration was to be returned to Splawn. It is true that the price fixed by Hill and Granger and Splawn was not binding upon the plaintiff, and the plaintiff evidently did not elect to be bound by that price in bringing his action, for he sought to recover more than that sum, and only asked that the deposit be applied upon the judgment. The court, however, seemed to assume that this stipulated price was the measure of damages, and while the relief

awarded was not in strict accord with that sought in
the complaint, nevertheless, if it appears that appel-
lant has sustained no substantial injury, the judgment
should not be disturbed.   The agreement between
Splawn and Hill and Granger is somewhat indefinite
and ambiguous, yet we think it fairly appears from the
part heretofore quoted that this price was deposited to
be paid to whichever party should be found to be law-
fully entitled to it.   Splawn's object was evidently to
get the business and possession of the property, for
which he agreed to pay the sum of $3,000.   He did get
possession of it accordingly and thereafter maintained
it.   The plaintiff might have sought a remedy by in-
junction to prevent Splawn or Splawn & Co. from en-
tering upon and conducting the business.   He also had
a right to treat the sale as valid and recover the price
agreed upon.   While he did not elect to do either in
bringing his action, but sought to recover damages in
excess of the amount fixed by the other parties as the
consideration for the transfer on the ground of an
alleged fraudulent conversion of the goodwill and
business, the relief that he finally obtained was upon
the ground of a ratification of the sale.   The agreement
only provided that the consideration should be re-
turned to Splawn in case he was prevented from en-
joying the rights attempted to be conveyed to him
thereunder, and while the plaintiff was not technically
a successor to Hill and Granger, we think he was so
within the contemplation of the parties in making this
agreement.   Splawn obtained and has ever since en-
joyed all that the contract with Hill and Granger pur-
ported to convey to him.   We cannot see any valid
reason why he should not pay the price stipulated to
the rightful owner of the property.

It was contended upon the argument that one part of the agreement was that the parties transferring such rights should not engage in a similar business in Seattle within a stipulated period of time, but this agreement, in terms at least, only related to the corporation—the Okanogan Live Stock and Dressed Beef Company—and if Murray could thereafter engage in a like business as an individual, we see no reason why Hill and Granger, or either of them could not have done the same thing.

It was further contended that the decree should not stand, on the ground that if Hill and Granger had brought an action upon the note deposited with the bank, that Splawn might have had defenses partial or otherwise thereto, for the reason that the business was not as good as represented by Hill and Granger, and it is contended that the court refused to permit evidence to be introduced by Splawn as to the value of the goodwill to show that it was of much less value than represented to him by Hill and Granger. There were no stipulations, representations, or warranties with reference to the value of the goodwill or the amount or character of the business incorporated in the written agreement, but conceding that Splawn might have shown such oral representations, we do not think that he is in a position to raise the question in this case, for nothing of the kind was set up as a defense in his answer. He was fairly advised by the complaint that the plaintiff sought to obtain this $3,000 deposited as aforesaid, and if he had any defense going to the failure of the consideration or by way of recoupment he should have pleaded it. Not having done so, he was not entitled to make the proof offered.

Otherwise, the matters aforesaid between said parties seem to have been fairly and fully litigated, and we

are unable to discover that any substantial injury has been done to appellant Splawn, and as to him the judgment is also affirmed.

DUNBAR, ANDERS and GORDON, JJ., concur.
HOYT, C. J., not sitting.