[No. 4363.    Decided January 2, 1903.]

CAROLINE R. MAGGS, *Respondent*, v. LEWIS J. MORGAN, *Appellant*.

TRESPASS — RESTRAINING ORDER — VACATION.

The denial of a motion to vacate a restraining order cannot be urged as error, where the parties to the action had voluntarily entered into a stipulation that the order should be continued until the final determination of the cause.

SAME — RIGHT TO JURY TRIAL.

An action to restrain the continuance of a trespass, to recover damages therefor, and to remove a cloud from title to real estate,

being one of equitable cognizance, a jury trial is not demandable as a matter of right.

SAME — ACTUAL POSSESSION — PLEADING.

Residence upon land is unnecessary in order to establish actual possession; and actual possession is sufficiently set forth where the complaint alleges that "plaintiff is now and for more than fifteen years next prior to the date of this complaint has been, the owner in fee simple absolute and in the actual, notorious and open possession" of the lands in controversy.

SAME — DESCRIPTION OF LANDS.

In an action to restrain trespass and quiet title to certain lands, the description of the lands in the complaint is sufficiently definite when it shows where the land is located and is sufficient to enable the boundaries to be readily traced on the ground.

CONTINUANCE — INSUFFICIENCY OF SHOWING.

A motion for continuance was properly denied, when there was not a sufficient showing of diligence, nor that the desired evidence was not cumulative.

Appeal from Superior Court, Kitsap County.—Hon. JOHN C. DENNEY, Judge. Affirmed.

*Carroll & Carroll,* for appellant.

*Preston & Embree,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—Action to restrain the continuance of an alleged trespass, to remove a cloud from the title to certain real estate, and for damages. Upon the filing of the complaint the court below issued a temporary injunction. When the defendant was served and appeared in the action, a stipulation was entered into continuing the restraining order in force until the final determination of the cause. An answer was subsequently filed, alleging a settlement of the matters in dispute, and praying for a dismissal of the cause. After this answer was filed, the appellant made a change of attorneys. Thereupon the first

answer was ignored, and an answer to the merits was filed, and a motion made to dissolve the restraining order. But no attempt was made to avoid the stipulation. This motion was denied, and subsequently the cause was set down for trial on December 4, 1901. Before the day set for the trial, and on November 19, 1901, a motion was served by the defendant upon the plaintiff for a continuance of the trial, and for leave to file an amended answer. This motion was granted on November 25, 1901, and defendant given leave to file an amended answer. The trial of the cause was continued until December 5, 1901. On the day the cause was to be tried, the appellant filed a motion, supported by affidavit, for a further continuance, which was denied, and the cause proceeded to trial by the court without a jury.

The questions presented on this appeal are, substantially: (1) That the court erred in denying the motion to set aside the restraining order; (2) in denying appellant's motion for a continuance; (3) in refusing appellant's request for a jury trial; and (4) that the complaint does not state facts sufficient to constitute a cause of action. The court below was justified in denying the motion to vacate the restraining order upon the ground alone that the parties had voluntarily entered into a stipulation that the order should be continued until the final determination of the cause. There was no sufficient showing of diligence to grant a continuance of the trial, nor was there any showing that the evidence which appellant set forth in his affidavit for a continuance was not cumulative. For these reasons, the court properly denied the motion. The cause is one of equitable jurisdiction, and this court has frequently held that a jury trial is not a matter of right in such cases. *Dearborn Foundry Co. v. Augustine,* 5 Wash. 67 (31 Pac. 327); *Wintermute v. Carner,* 8 Wash. 585, 590 (36 Pac.

490) ; *Murray v. Okanogan Live Stock, etc., Co.,* 12 Wash.
259 (40 Pac. 942). It was therefore not error to refuse a
jury trial.

It is claimed that the complaint is insufficient because
it is not alleged that the plaintiff is in the actual possession
of the land in controversy. If this allegation was neces-
sary, we think it is sufficiently alleged in the complaint
where it is stated "that the plaintiff is now, and for more
than fifteen years next prior to the date of this complaint
has been, the owner in fee simple absolute, and in the actu-
al, notorious, and open possession, of the following lands"
(describing them). It is true the plaintiff testified that
she resided in Seattle, King county, and that the lands in
dispute are in Kitsap county; but she also testified that
she had for many years been in possession of the lands, had
them fenced, pastured them with stock in the non-produc-
tive season, cut hay therefrom in the harvest season, and
paid the taxes thereon continuously. It is not necessary
that she should actually live upon or be upon the lands, in
order to maintain actual possession.

It is also urged that the description of the lands is not
sufficiently definite, and for that reason the complaint does
not state a cause of action. The description is long and
complicated, and, in order to be fully understood, would
require a diagram, which it is impracticable to set out in
this opinion. The point is not of sufficient importance to
require the description to be set out here. It is enough to
say that the description is sufficient to show where the
land is located, and to enable the boundaries to be readily
traced upon the ground.

The judgment is therefore affirmed.

REAVIS, C. J., and DUNBAR, ANDERS and FULLERTON,
JJ., concur.