[No. 6749. Decided July 26, 1907.]

CHARLES W. MALONEY, *Respondent*, v. STETSON & POST MILL COMPANY, *Appellant*.[1]

CONTINUANCE—ABSENCE OF WITNESS—SUFFICIENCY OF AFFIDAVIT. It is not an abuse of discretion to deny a continuance asked for on the ground of the absence of a witness when the affidavits did not show that the same evidence could not be procured from other witnesses.

MASTER AND SERVANT—INJURY TO SERVANT—SAFE PLACE—PUTTING DANGEROUS MACHINERY IN MOTION—WARNING. The master is liable to a servant, a hooktender, who is ordered by a sawyer, in charge of the crew and machinery, into a dangerous place between two logs, and is injured by the negligence of the sawyer in putting the ma-

[1]Reported in 90 Pac. 1046.

chinery in motion so as to cause the two logs to roll together and catch the plaintiff without giving him time to escape from his dangerous position; since it was the duty of the master to keep the place safe or give warning of the operation of the machinery in time to permit the plaintiff to escape from the danger therefrom; and negligence of the sawyer in this respect is negligence of the master.

DAMAGES—EXCESSIVE DAMAGES—PERSONAL INJURIES. A verdict for $4,000 for the crushing of a leg, resulting in a compound fracture of the tibia, a simple fracture of the fibula, and a present shortening of the leg, reduced by the trial court to $3,000, is not excessive, although the injuries may not be permanent.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 29, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a hooktender in a sawmill. Affirmed.

*Holcomb & Kirkpatrick* and *John P. Hartman,* for appellant.

*Walter S. Fulton,* for respondent.

MOUNT, J.—Action for personal injuries. This cause was tried to the court and jury, and a verdict was returned in favor of the plaintiff for $4,000. Subsequently, on motion for a new trial, the verdict was reduced to $3,000, and a judgment entered for that amount. The defendant appeals, and alleges that the court erred, (1) in refusing the continuance upon motion of appellant, (2) in refusing to grant a nonsuit; (3) in giving a certain instruction; and also that the verdict is excessive. We shall consider these alleged errors in the order stated.

(1) On November 10, 1906, the cause was set for trial for December 7 of that year. On December 1, appellant filed a motion for a continuance of the trial on account of the absence of a witness from the state. The motion was denied on December 5, 1906. The affidavit in support of the motion did not show that the same evidence could not be procured

from other witnesses. The court, therefore, did not abuse its discretion in denying the motion. *State v. Murphy*, 9 Wash. 204, 37 Pac. 420; *Maggs v. Morgan*, 30 Wash. 604, 71 Pac. 188.

(2) The facts as shown by the evidence are substantially as follows: Appellant, in January, 1906, was operating a sawmill in Seattle. Respondent at that time was employed in the mill as hooktender or deck man. He was injured about six o'clock in the evening of January 19, 1906, after he had been engaged in that particular employment only about ten hours. He had been employed about the mill in other capacities for several months. In the discharge of his duties, the respondent and all the log-deck crew, consisting of three or four other men, were under the direct supervision and control of the sawyer. Just previous to his injuries, respondent was directed by the sawyer to hook a chain around a log on the saw carriage, the object being to turn the log on the carriage by means of the chain, which was operated over a drum above by the sawyer by means of a lever. At that time another large log, some four or five feet in diameter, was lying parallel alongside of the saw carriage and three or four feet away. The log on the carriage was also a large log from two and one-half to four feet in diameter. In order to put the chain around the log on the carriage, it became necessary for the respondent to get down between these two logs and pass the chain under the log on the carriage to a fellow servant on the opposite side. After respondent had done this, the sawyer, without waiting for respondent to escape from between the logs as he was endeavoring to do, so operated the turning gear as to cause the log upon the carriage to roll from respondent until the chain holding the log became taut, when the sawyer immediately, without warning or notice to respondent and before he had time to get beyond the reach of the log, slackened the chain, which permitted the log to roll back toward respondent and against the log lying alongside of the carriage. When respondent saw what had hap-

pened and that he could not escape otherwise, he attempted to climb from between the logs by means of a rope, but his left leg was caught between the logs and crushed so that there was a compound fracture of the tibia and a simple fracture of the fibula bones. There was evidence to the effect that the sawyer was incompetent and inexperienced, and that his incompetency was known to the appellant. But in view of the conclusion we have reached on the facts as shown by the evidence, the substance of which is stated above, it is unnecessary to consider that evidence. The complaint alleged one element of negligence, as follows:

"That, as plaintiff was between said logs and in compliance with the order of said foreman and before plaintiff could reach a place of safety, said foreman negligently and carelessly and without notice or warning to the plaintiff, so operated and set in motion said log carriage as to cause the log upon it to roll from the plaintiff until the chain holding said log was taut, when said sawyer negligently and carelessly and without notice or warning to the plaintiff and before plaintiff had time to get beyond the reach of said log, caused the chain holding said log to slacken, thereby allowing said log to roll back against the person of the plaintiff, resulting in plaintiff's leg being caught between said logs causing a compound fracture of the tibia bone and a simple fracture of the fibula bone."

It is contended by the appellant that the evidence and the complaint show that the dangers which surrounded the respondent were all open, apparent, and arose in the details of the work, and that the appellant, therefore, is not liable under the rule in *O'Brien v. Page Lumber Co.*, 39 Wash. 537, 82 Pac. 114, and *Dossett v. St. Paul & Tacoma Lumber Co.*, 40 Wash. 276, 82 Pac. 273. It is true that one cause of the injury was the slackening of the chain, thus permitting the log to roll back against the respondent, and this act was probably a detail of the work in which the sawyer may have been the fellow servant with the respondent, and as to such act alone the respondent assumed the risk. But this act

was not the moving cause nor the act of negligence which proximately caused the injury. The sawyer was acting as the master, for the purpose of directing the machinery into motion. He not only should have warned the respondent that he was going to put the machinery in motion in order to roll the log, but he also should have given the respondent a reasonable time to escape from his dangerous position. The duty to give the respondent a reasonable time to escape was a duty of the master, and was as important as the duty to warn. The respondent was down between the two large logs, which all concede was a dangerous place when the machinery was started, and it was the rule and custom under such circumstances for the sawyer to signify that he was going to move the machinery; and it was his duty also to wait until the servant, who was required to be between the logs, might get out of the way. When the chain was placed in position, the respondent had a right to assume that the logs would not be moved by order of the master, at least, until respondent had an opportunity to escape. He was attempting to get away, but before he was clear of danger and while he was in view of the sawyer, the sawyer, who was acting in the dual capacity of servant and master, placed the machinery in motion, thereby causing the injury.

We think the facts in this case bring it squarely within the *Dossett* case, the only difference being that in the *Dossett* case the sawyer failed to give warning that he was going to use the "nigger;" while in this case, if warning was given at all, the sawyer neglected to give respondent any time to escape. In the *O'Brien* case, *supra*, we said, at page 546:

"It was the duty of the master, then, to keep the place into which he had sent the servant reasonably safe, or to inform the servant of dangers known to the master, or which reasonably should have been known to him, and which were unknown to the servant. If the sawyer, acting in the place of the master, intended to direct another agency under his control to act in conjunction with the appellant, which agency

rendered the place dangerous, it was certainly the duty of the master to inform the servant thereof."

It follows, of course, if it is the duty of the master to warn, it is likewise his duty to wait a reasonable time for a servant to escape before placing a dangerous agency in motion. Of course, if the servant, having been warned, manifests a desire to occupy a dangerous place, and does so, and is injured, he no doubt assumes the risk. But the evidence in this case shows that the respondent was using his utmost ability to escape, and that no time was given therefor. We are satisfied that the court did not err in denying the motion for nonsuit.

(3) The court instructed the jury, in effect, that, if they found that it was the rule or custom of the sawyer to warn that he was about to start the machinery and give the hook-tender time to get to a place of safety, then in the performance of that duty the sawyer represented the master, and his failure to warn and give time for respondent to get out of danger was negligence of the master. It follows from what we have said above that this instruction was not erroneous.

Appellant next argues that the judgment is excessive, because it appears that the injury will probably not remain permanent and that the present shortening of respondent's leg may be overcome, and his earning capacity will not be diminished. These things being true, the amount fixed by the trial court seems to us to be reasonable, and we are therefore not disposed to make a further reduction in the judgment.

The judgment is therefore affirmed.

HADLEY, C. J., CROW, and FULLERTON, JJ., concur.