[No. 9107.    Department Two.    December 21, 1910.]

CHARLES SCHOENING *et al.*, *Respondents*, v. MAPLE VALLEY
LUMBER COMPANY, *Appellant*.[1]

GUARANTY—CONTRACT—CONSIDERATION.  Forbearance to collect an
account from a logger, and extension of credit for further supplies
enabling the debtor to continue logging, is a sufficient consideration
for a contract by a lumber company to guarantee the account to the
extent of fifty cents per M for all logs furnished it; all parties being
thereby benefited.

GUARANTY—CONTRACT—CERTAINTY—MUTUALITY.  An agreement to
guarantee a logger's account to the extent of fifty cents per M on
each raft of logs furnished to the promisor until notice given to the
promisee, is an original undertaking, and not void for uncertainty or
want of mutuality.

PLEADING—AMENDMENTS—VARIANCE.  It is not error to allow an
amendment before trial, increasing the amount claimed on a con-
tract of guaranty, where no surprise was claimed or continuance
asked; and no variance results from proof of the increased amount.

Appeal from a judgment of the superior court for King
county, Gay, J., entered December 11, 1909, upon findings in
favor of the plaintiffs, after a trial on the merits before the
court without a jury, in an action on contract.  Affirmed.

*William Hickman Moore*, for appellant.

*Faben & Kelleran*, for respondents.

MORRIS, J.—On September 9, 1908, George Kelly, a log-
ger, was indebted to the respondents upon an account for
butcher's supplies furnished him in his logging operations, in
a sum exceeding $374.10.  Kelly was then, and for some time
previous had been, a logger delivering his logs to the appel-
lant.  Not paying his account with respondents, they became
unwilling to further supply him, and notified him they would
discontinue his account unless they could have some money,
and asked him if there was any way in which he could secure
the account.  Kelly answered he knew of no way unless the

[1]Reported in 112 Pac. 381.

appellant would give security. Respondents thereupon suggested to him that he see the appellant and have it guarantee the account; and if it did not do so, they would not carry the account longer and would take steps to collect it. Thereupon Kelly went to appellant, and the same day, on his return, handed respondents the following writing:

"Bryn Mawr, Wash., Sept. 9, 1908.
"Palace Market Co.

"Gentlemen: Commencing with the next raft of logs that comes in from George Kelly, we will pay you 50c per M. on scale bill on each raft to apply on his account with you. This will hold as long as his account is kept satisfactory with us, but be left entirely with us as to when we may cease to pay as above or not. We will notify you in any case. Yours,

"Maple Valley Lbr. Co.,
"Per W. F. Brown, Sec'y."

In February, 1909, respondents brought suit against appellant on this agreement, alleging its execution in consideration of respondent's waiver of any action against Kelly, and for the purpose of enabling Kelly to continue his logging operations and delivery of logs to appellant, and the release of the logs from any charge or lien of respondents. Thereafter Kelly delivered to appellant 748,205 feet of logs, whereupon there became due respondents upon the agreement the sum of $374.10, for which judgment was asked. Answering, appellant admitted the making and delivery of the writing, denying the other allegations of the complaint. Upon the trial, the court permitted respondents to amend by alleging the delivery of 971,213 feet of logs and an indebtedness of $485.60. This ruling was made at the commencement of the trial, before entering upon the taking of testimony, and over the objection of appellant. No suggestion of surprise was made by appellant upon the offer of the amendment, nor was any continuance or other relief asked for. Findings were made in favor of respondents, awarding them judgment in the sum of $485.59, and the lumber company appeals.

The errors claimed are, that there was no consideration for

the writing, the allowance of the amendment, and variance. Upon the first contention, appellant contends that, inasmuch as respondents had no right of attachment or lien upon the logs, there was no consideration. It is not necessary for us to decide whether there was any right of attachment or lien, as the consideration of the writing does not depend upon the existence of any such right. There was ample consideration irrespective of any such right. Respondents forbore taking steps to collect the account as it then existed, either by suit or otherwise. They continued furnishing supplies to Kelly, which they would not otherwise have done. Kelly secured an extension of credit, and was thereby enabled to continue his logging operations, which otherwise he could not have done. Continuing his logging operations, he was able to supply the appellant with logs, a beneficial inducement moving directly to appellant, as well as to Kelly. Thus, all three of the interested parties received a benefit because of the agreement. These considerations, and others that might be suggested from the nature of the transaction, furnished ample consideration to support the writing. 9 Cyc. 342 et seq.; Staver and Walker v. Missimer, 6 Wash. 173, 32 Pac. 995, 36 Am. St. 142; Kelley v. Greenough, 9 Wash. 659, 38 Pac. 158; Hutchinson v. Mt. Vernon Water & Power Co., 49 Wash. 469, 95 Pac. 1023; Malone v. Crescent City M. & T. Co., 77 Cal. 38, 18 Pac. 858.

In this connection, appellant contends there was no absolute agreement to pay, and that the writing is too uncertain and wanting in mutuality. The agreement contained an absolute promise to pay fifty cents per M on the scale on each raft of logs. It was an original undertaking on the part of appellant to pay this amount, until such time as it notified respondents it would cease such payment. The court finds no such notice was ever given. Until the notice was given, respondents had a right to assume that appellant held itself liable. There was no error in the allowance of the amendment. Our statute providing for amendment of pleadings is very

liberal, and the court was clearly within its provisions in permitting respondent to amend.

There was no variance. The cause of action alleged was the cause proved. There was no difference between the pleading and proof, except as to the increase in the number of logs furnished appellant and the consequent liability at fifty cents per M. In order to establish a variance, there must be an essential difference to the prejudice of a party in making his defense. There could be none under such circumstances. It would not prejudice appellant to inform it of the number of logs furnished it by Kelly. Such was undoubtedly then within its knowledge, and we fail to see how it could have been misled. There is no uncertainty about the writing. Appellant plainly confesses a liability to the extent of fifty cents per M on all logs furnished by Kelly, until notice to the contrary should be given. There was no lack of mutuality. The writing induced all parties to the transaction to do something in reliance upon its terms. Appellant furnished supplies. Kelly continued logging and supplying logs to appellant. Appellant received its benefit in the receipt of the logs from Kelly. The writing itself does not purport to indicate anything other than appellant's undertaking, but under the circumstances of its execution, its purpose and its effect, it could not be subject to a charge of lack of mutuality.

Judgment is affirmed.

Rudkin, C. J., Chadwick, Crow, and Dunbar, JJ., concur.