[Civil No. 1664. Filed March 14, 1919.]

[179 Pac. 51.]

THOMAS E. FARISH, Appellant, v. GEORGE BEEBE, DORA M. BEEBE, S. F. NOON and CIENEGUITA MINES COMPANY, a Corporation, Appellees.

1. APPEAL AND ERROR—REVIEW—PRESENTATION OF GROUNDS IN COURT BELOW.—Error in the admission of evidence will not be considered where the record did not show an objection to the admission of such evidence.

2. APPEAL AND ERROR—REVIEW—FINDINGS.—The supreme court will not disturb findings of fact of the trial court in an action tried to the court where the findings are supported by substantial evidence.

3. HUSBAND AND WIFE—TRANSFER OF PROPERTY—EQUITABLE ESTOPPEL —WHAT CONSTITUTES.—Though a wife who was interested in an option on mining property which was in the name of her husband consented to the husband's transfer of the option to a corporation formed after plaintiff had performed services as mining expert in examining the property, and for a long time allowed stock received for the option to remain in the name of the husband, *held,* that wife was not estopped thereafter to claim an interest in stock received, for an equitable estoppel arises only where by voluntary act of a party another changes his position, etc., and the subsequent acts of the wife did not cause plaintiff to change his position.

APPEAL from a judgment of the Superior Court of the county of Santa Cruz. A. G. McAlister, Judge. Affirmed.

Mr. J. E. Morrison, for Appellant.

Mr. John B. Wright and Mr. Fletcher Doan, for Appellees.

ROSS, J.—The appellant, who is a judgment creditor of appellee George Beebe, has invoked the equitable powers of the court by a complaint in the nature of a creditor's bill, alleging that appellee Dora M. Beebe, the wife of George Beebe, has certain property belonging to the judgment debtor, and that the same was transferred to her by her husband for the purpose of hindering and delaying the appellant from collecting his judgment and to defraud the appellant. The property sought to be reached by this proceeding consists of a block of stock of a mining company (or the unpaid proceeds thereof) optioned to the appellee mining company, Cieneguita Consolidated Mines Company. The issue made by the pleadings was as to who was the owner of the stock, George Beebe or his wife, Dora M. Beebe. The mining company owes the owner of the stock, whoever it may be, a balance of several thousand dollars. Appellee Noon was made a party defendant for the reason the stock attempted to be reached is in his name and was optioned by him to the appellee mining company, and payment therefor was to be made to him. His answer disclaims any interest in the stock or proceeds thereof except as agent or attorney for appellee Dora M. Beebe. The case was tried to the court without a

jury, and verdict and judgment rendered in favor of defendants.

There are two assignments of error that need only be mentioned. One is that the court erred in the admission of testimony over the objection of appellant. The record does not show that any objection was made to the testimony now criticised. It was admitted without objection. · Hence no ruling of the lower court is before us. ˙ The other assignment—that the court erred in overruling the motion for a new trial—is not in conformity with the rules of the court.

The errors well assigned are:

First. "The court erred in rendering judgment for the defendants herein for the reason that the overwhelming weight of the testimony in this case sustained the allegations of appellant's complaint, and that there is no substantial evidence on which the judgment for defendants could be based."

Second. "The court erred in rendering judgment for the defendants for the reason that the same is contrary to law as applied to the facts proven by appellant in this case."

As above indicated, the issue before the court was the ownership of a block of stock in a mining company; the contention of appellant being that it belonged to George Beebe, the judgment debtor, and that he had transferred it to his wife, Dora Beebe, to get it out of the way of appellant's execution and to prevent the appellant from collecting his judgment. The evidence in support of this contention, while negative in its nature, was very strong; so strong indeed that a finding by the trier of the facts to the effect contended for would not be disturbed by the appellate court. But there was positive evidence submitted in behalf of the appellee Dora to the effect that she contributed to the enterprise, at its original inception, the sum of $6,000 of her separate funds, with the agreement and understanding that she should have a share or interest therein equal to her husband's, and that the stock in controversy represents that share or interest. This evidence is substantial, and, if believed, was sufficient to support the judgment. It was the province and duty of the trial court to pass upon the weight, credibility and sufficiency of the evidence bearing upon the respective contentions of the parties, and in the performance of that duty it was resolved in favor of appellee Dora Beebe.

The rule that this court will not disturb the facts as found and determined by the trial court unless without support in the evidence, and that its examination of the evidence will be for the purpose of ascertaining, not where the weight of the evidence is, but to see if the record contains substantial evidence supporting the judgment, is well settled in this state.

In a late case we said:

"It was the duty of the trial court to give full consideration to the evidence and to pass upon its weight and sufficiency, and this court cannot say that its conclusions were wrong where there is evidence of a substantial nature tending to support the judgment. This court should reverse the judgment of the lower court only when there is a want of evidence to sustain it, or when the judgment is so manifestly against the weight of evidence as to show it to be the result of bias or prejudice." *Wright* v. *Young, ante,* p. 46, 176 Pac. 583.

The point made by appellant under his second assignment is that, conceding appellee Dora M. Beebe is the owner in her own right of the stock involved, under the circumstances of the case, appellant is entitled to have it, or its proceeds, applied on his judgment against her husband, George Beebe, for the following reason: The appellant, in his capacity of mining engineer, examined and reported upon the Cieneguita mining claims, being the property that constitutes the assets of the company in which appellee Dora Beebe is a stockholder; that it was his report that attracted capital to develop the mines, in consequence of which her holdings became valuable; that she was personally present and cognizant of his services and a beneficiary thereof, and did not disclose to him that she claimed any right or interest in the property; that she permitted her husband to handle and control her stock from 1901, when the property was first incorporated, up to 1908 or 1909, before it was ever issued to her personally or placed in her name or in the name of her attorney and agent.

Under these facts it is claimed the wife, Dora, should be estopped to claim this property as against appellant's judgment, and this estoppel is based upon a proposition of law stated as follows:

"A wife cannot allow her husband to use and appropriate her property as his own for years and incorporate a part of his own means into it and then, upon a conveyance of the

whole from her husband, make a valid claim to it as against his creditors.''

Granting, for the sake of the argument, that this is a correct statement of an abstract proposition of law, we do not think the facts of this case bring it within either its terms or meaning. The facts, other than the ones already cited, are that at the time appellant examined and reported on the mines, they were prospects, or, at most, were but slightly developed and mostly unpatented. The only interest had in them in the name of George Beebe was an option to purchase, of which appellant was advised at the time he accepted employment from the husband. The title to the property was never vested in Beebe; the option being transferred to a corporation organized for that purpose which later exercised the option and received deeds and patents thereto.

It is evident appellant did not rely upon the inchoate and uncertain interest of Beebe in the property for his compensation in experting the mines. At the time the services were rendered by appellant the wife had not ''allowed her husband to use and appropriate her property as his own for years''; the evidence being that she had contributed but recently to the expense of obtaining and keeping alive the option. That later, and after appellant's claim arose, she permitted her interest in the stock of the mining company to be carried in the name of her husband, would not even tend to create an equitable estoppel in favor of appellant.

The mere fact that the option to purchase mines was taken in the husband's name and the failure of the wife to notify appellant, when he appeared to examine the mines, that she had contributed of her separate funds to help pay for the option, are the only facts upon which this estoppel may be claimed, and that is not enough.

''An equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded from asserting rights which might otherwise exist as against another person who has in good faith relied upon such conduct, and has been thereby led to change his position for the worse, and who upon his part acquires some corresponding rights. The doctrine is founded upon equity and good conscience; and the party claiming the estoppel must have done something, paid something, or in some way changed his position for the worse, so that he will not be left, or cannot be put back, in his

former condition, in case the other party is allowed to assert his original rights.'' 3 Story's Equity Jurisprudence, 14th ed., § 1989.

We are unable to see where the wife's silence in any way influenced appellant's conduct. It does not appear that, had she told him of her interest in the option, he would have exacted a promise from her to pay him for his labor before experting the mines. We are fully persuaded he was not induced to render the services in reliance upon the husband's ownership caused by any act of the wife.

The judgment of the lower court is affirmed.

