[Civil No. 2105. Filed July 29, 1924.]

[227 Pac. 995.]

## J. J. DONAHUE, Appellant, v. DAVID BABBITT, PHILOMENA BABBITT, Administratrix of the Estate of GEORGE BABBITT, Deceased, CHARLES J. BABBITT, WILLIAM BABBITT, Copartners, and CHARLES PROCHNOW, Appellees.

1. JURY—ACT DECLARING JURY'S VERDICT IN EQUITY CASES MERELY ADVISORY HELD CONSTITUTIONAL.—Sess. Laws 1921, chapter 125, amending Civ. Code 1913, paragraph 542, by declaring verdict in actions for equitable relief advisory, is not contrary to Const., art. 2, section 23, which guarantees trial by jury, as known at common law, and not as voiced by Code 1901, sections 1389, 1427, entitling party to submit all fact issues to jury in equity as well as at law.

2. COURTS—OPINION AS TO MATTER NOT RAISED IN LOWER COURT NOT AUTHORITATIVE.—Appellate court's opinion as to extent of right to trial by jury in case wherein lower court ruled that application for jury trial came too late, and no question was raised as to such right or binding effect of verdict, *held* not authoritative as to binding effect of verdict in equity case, as against prior decisions to contrary.

3. JURY—JURY'S FUNCTION IN EQUITY PROCEEDING IS ONLY TO ADVISE COURT.—Constitutional guaranty of trial by jury is guaranty thereof, as known at common law, and jury's function in equity proceeding, whether trial by jury is statutory right or within court's discretion, is only to advise court and enlighten its conscience.

4. STATUTES—ACT DECLARING JURY'S VERDICT IN EQUITY CASES MERELY ADVISORY NOT UNCONSTITUTIONAL AS NOT CLEARLY EXPRESSING SUBJECT IN TITLE.—Sess. Laws 1921, chapter 125, entitled "An act to amend paragraph 542, chapter XIV, part II, of title VI, Revised Statutes of Arizona, 1913, Civil Code, entitled 'Civil Procedure,'" *held* not unconstitutional, as not clearly expressing subject, as to advisory character of jury's verdict in equitable cases, in title.

3. See 10 R. C. L. 529.

4. Insufficiency of title as affecting validity of act, see note in Ann. Cas. 1916D, 28. See, also, 25 R. C. L. 847.

4. When title of act is sufficient, see note in 64 Am. St. Rep. 70.

5. APPEAL AND ERROR—SUPREME COURT WILL NOT DETERMINE WEIGHT OF EVIDENCE ON APPEAL FROM EQUITY JUDGMENT.—Supreme Court will not review all evidence to decide whether weight thereof justified trial judge's findings on appeal from equity judgments any more than in appeals at law, but will examine evidence merely to see if record contains substantial evidence supporting judgment.

6. MORTGAGES—FINDINGS ADVERSE TO CONTENTION THAT DEED AND BILL OF SALE WERE MORTGAGES HELD SUSTAINED BY EVIDENCE.— Trial judge's findings adverse to plaintiff in action to have deed and bill of sale declared mortgages, and for accounting and redemption,· *held* sustained by evidence.

APPEAL from a judgment of the Superior Court of the County of Coconino. Joseph S. Jenckes, Judge. Affirmed.

Messrs. Townsend, Stockton & Drake, for Appellant.

Messrs. Armstrong, Lewis & Kramer, for Appellees.

DARNELL, Superior Judge.—This is an action by plaintiff and appellant, J. J. Donahue, against David Babbitt, Philomena Babbitt, as administratrix of the estate of George Babbitt, deceased, C. J. Babbitt, William Babbitt and Charles Prochnow, to have a deed and bill of sale declared mortgages, and for an accounting and redemption.

The parties to the action entered into a written stipulation, whereby it was agreed that the pleas in bar raised by defendants might be tried by the court without a jury; that all other questions preliminary to the question as to whether or not there should be an accounting might be tried in one group, and that thereupon an order might be entered in accordance with the determination of such issues; that the stipulation should in no degree prejudice the right of plaintiff to demand a trial by jury upon issues other than the pleas in bar or the right of

5. See 2 R. C. L. 204.

See 4 C. J. 897; 15 C. J. 950; 21 C. J. 599; 35 C. J. 160, 161; 27 Cyc. 1030; 36 Cyc. 1034.

defendants to oppose the demand for a jury trial; that, if the plaintiff's demand for a jury trial should be granted, and after trial it should be determined that the conveyances in question constituted mortgages and that the plaintiff was entitled to an accounting, then the jury should be dismissed and further proceedings should be had in the nature of an audit by an expert accountant and issues framed based upon the controverted items in the audit, and. thereupon the case should be set down for further trial upon such controverted items. Thereafter the court decided in favor of plaintiff on all issues raised by defendants' pleadings, which by stipulation were to be determined by the court. In accordance with the plaintiff's demand for trial by jury of the remaining issues, and over the objection of opposing counsel, a jury was duly impaneled and sworn. The cause was tried before the jury upon issues of fact raised by plaintiff's third amended complaint and defendants' amended pleadings. After conclusion of the evidence and after denial of a motion by the defendants for a directed verdict, seven special interrogatories were submitted to the jury and answers thereto were returned.

Because of the fact that appellant has made only two assignments of error which raise but one question, namely, whether the verdict of a jury in an equity case is binding upon the court, we consider it unnecessary to do more than summarize the voluminous pleadings as they relate to the special verdict of the jury, the findings made by the trial judge, and the judgment entered in the action.

The third amended complaint, upon which the case was tried, contained allegations to the effect that a certain deed, bill of sale, and agreement, granting plaintiff the right to repurchase certain real and personal property, given on behalf of David Babbitt, George Babbitt, Charles J. Babbitt and William Babbitt, as copartners, were intended to, and actually

did, constitute a real and personal property mortgage, and that Charles Prochnow, one of the appellees, claimed an interest in some of the property by reason of a contract to purchase the same from the Babbitts, entered into with full notice of appellant's rights. Appellant prayed that these instruments be declared mortgages, that an accounting be had, that he be given the right to redeem, and that his title be quieted as against Prochnow. To this third amended complaint the appellees filed a general demurrer and answer, alleging that the said instruments constituted a conditional sale, and also set up defenses of estoppel, laches, and the statute of limitations. To these defenses appellant filed a reply alleging waiver of the statute of limitations. To this reply appellees demurred. The trial judge overruled appellees' demurrers to the third amended complaint, and overruled their demurrer to appellant's reply. The controverted issues of fact were then tried before a jury, by which special findings in favor of appellant were made covering all the issues.

The jury found that a previous indebtedness to Babbitt Bros. was not paid by execution of the deed and bill of sale from appellant to Babbitt Bros.; that these instruments were intended to secure payment of an existing indebtedness; that Babbitt Bros. did not for a period of five years prior to the filing of the third amended complaint on August 26, 1920, continuously, openly and notoriously claim ownership and hold possession of the property described in the complaint adversely to any right asserted by appellant; that Charles Prochnow had knowledge prior to his contract of purchase that the appellant claimed that the interest of Babbitt Bros. in the property in question was held as security for an indebtedness due from appellant to Babbitt Bros.; that the appellant was not guilty of laches, as the court defined that term, in waiting

26 Ariz.—35

until the twenty-sixth day of August, 1920, to file his third amended complaint; that David Babbitt between September, 1917, and January, 1918, promised and represented to appellant that the statutes of limitation would not be pleaded by Babbitt Bros. in any action brought by plaintiff founded upon the transaction resulting in the execution of the deed, bill of sale and contract; and that appellant believed such promises and relied upon the same until the appellees first pleaded the statutes of limitation after appellant had filed his third amended complaint. The trial judge held these findings to be advisory only, set them aside, and entered judgment in favor of the Babbitts and Prochnow.

From the action of the lower court Donahue appealed, and contends that the court erred in denying his motion for judgment in accordance with the special findings of the jury, and in setting aside those findings and entering judgment for the defendants-appellees.

Appellant urges that the findings of the jury were conclusive as between the parties as in a case at law, a jury trial of all controverted issues of fact in equity as well as in law being guaranteed by section 23, article 2, of the Constitution of Arizona, in connection with paragraphs 1389 and 1427, Revised Statutes of Arizona 1901.

Section 23, article 2, of the Constitution provides that "the right of trial by jury shall remain inviolate. . . . " Section 1389 of the 1901 Code provides:

" . . . In all cases, both at law and in equity, either party shall have the right to submit all issues of fact to a jury."

And section 1427 of the same Code provides for the submission of special interrogatories where more than one material issue of fact is joined, in all cases whether in law or in chancery.

Appellant argues that the Constitution keeps inviolate the right of trial by jury as voiced by section 1389 of the 1901 Code, and that this section made binding upon the trial judge the findings of the jury; in other words, that the right preserved was the right of trial by jury under the statute and not as it was known at common law. The learned trial judge based his right to enter judgment at variance with the special findings of the jury upon chapter 125 of the Session Laws of 1921, which is:

"Section 1. That paragraph 542, chapter XIV, part II, of title VI, Revised Statutes of Arizona, 1913, Civil Code, entitled 'Civil Procedure' be and the same is hereby amended to read as follows:

"542. In all actions where equitable relief is sought, if a jury be demanded by either party, and where more than one material issue of fact is joined, the court, in its discretion, may submit written interrogatories to the jury, covering all or part of the issues of fact, and such interrogatories shall be answered by the jury; provided, that such interrogatories shall be approved by the court, and each interrogatory shall be confined to a single question of fact and shall be so framed as to be answered by 'yes' or 'no,' and shall be so answered where 'yes' or 'no' is possible. In every such case the verdict of the jury shall be deemed advisory to the court in the determination of the action.

"Sec. 2. All acts and parts of acts in conflict with the provisions of this act are hereby repealed."

We think, without doubt, that the learned trial judge was correct in his conclusion that the foregoing amendment is constitutional. The constitutional guaranty concerned a plain, permanent right made almost sacred by years of recognition and usage. Section 1389 of the 1901 Code did not possess these qualities. In fact, this section did not provide for the verdict of the jury to be binding upon the court in equity cases. In the case of *Dooley* v. *Burlington Gold Mining Co.,* 12 Ariz. 332, 100 Pac. 797, which was

decided several years after paragraph 1389 of the 1901 Code was enacted, the court used this language:

"Appellant insists that this is an action at law, in which he is entitled to have the verdict of a jury. He further insists that, though it be regarded as an equitable action, the court erred in refusing to award him judgment on the verdict. This last contention is disposed of by *Taggart Mercantile Co.* v. *Clack,* 8 Ariz. 295, 71 Pac. 925, where we said: 'But, where a case is one of equitable jurisdiction solely, the court is not bound to submit any issues of fact to a jury, and if it does so, it is only for the purpose of "enlightening its conscience, and not to control its judgment." In such a case the court is at liberty to disregard the verdict and findings of the jury, either by setting them or any of them aside, or by letting them stand, and allowing them more or less weight in its final hearing and decree, according to its own view of the evidence in the case.' "

In June, 1898, the Supreme Court passed upon this question in the case of *Henry* v. *Mayer,* 6 Ariz. 103, 53 Pac. 590, when it said:

"It is also well settled that in an action involving equitable jurisdiction only the trial court is at liberty to disregard the verdict and findings of the jury and make its own findings and enter a decree in accordance with the latter; nor is it necessary in such a case that the court formally set aside the verdict and findings of the jury before entering a decree in accord with its own findings."

Again passing squarely upon this matter, the Supreme Court of the territory, in the case of *Egan* v. *Estrada,* 6 Ariz. 248, 56 Pac. 721, said:

"Paragraph 784 of the Revised Statutes of Arizona prescribes that 'a verdict of the jury is either general or special. A general verdict is one whereby the jury pronounces generally in favor of one or more parties to the suit upon all or any of the issues submitted to them. A special verdict is one wherein the jury find the facts only on the issues submitted to them under the direction of the court.' Paragraph 785 of

the Revised Statutes of Arizona prescribes: 'The special verdict must find the facts as established by the evidence, and not the evidence by which they are established; and the finding must be such that nothing remains for the court but to draw from such facts the conclusions of law.' Paragraph 786 of the Revised Statutes of Arizona prescribes: 'A special verdict so found shall, as between the parties, be conclusive as to the facts found.' Under those provisions of the law, and especially under paragraph 786, it is contended by the defendant in error that the special verdict finding that he had been in the adverse use of the water as against the plaintiffs in error for five continuous years is binding between the parties, and that the court would be compelled to enter a judgment in accordance therewith, and not treat it, under the equity rule, as advisory only. We do not understand that the provisions of paragraph 786 above referred to are a modification of the well-known rule in equity trials, that where a court submits certain questions to the jury to be answered the answers are advisory only, and that the court may disregard the answers, and find for itself different from the findings by the jury."

In *Brown* v. *Greer,* 16 Ariz. 215, 141 Pac. 841, the court, in passing upon the refusal of the lower court to grant the defendant's demand for a jury trial, held contrary to the foregoing cases; but it is as necessary at times, it appears, for this court to pass upon the weight of authority in its own state as it is to pass upon the weight of authority in cases emanating from other states. This is one of those times when such action is necessary. In the Brown-Greer case the court states that—

"The court refused the demand of defendant and appellant for a jury, on the ground that the application, under the statutes and rules of court of Navajo county superior court, was made too late."

There was raised in this case no question as to the right of trial by jury, nor whether the verdict of the jury should be binding or advisory. The lower court

ruled that the application for a jury trial came too late, under the statute and the rules of the court. There was no intimation that had the request been made earlier a jury trial would have been refused, and the opinion of the appellate court concerning the extent of trial by jury was gratuitous and entirely aside from the issue. *Brown* v. *Greer* does not announce the law in this respect in the face of at least four prior decisions to the contrary.

Other courts in passing upon this question have held as has this court. The rule is well established that a constitutional guaranty that "the right of trial by jury shall remain inviolate" is a guaranty of trial by jury as it was known at common law—that the function of a jury in an equity proceeding, whether a trial by jury is a statutory right or lies within the court's discretion, is only to advise the court and enlighten its conscience. To this effect are the following cases: *Koppikus* v. *State Capitol Commissioners,* 16 Cal. 248; *Brown* v. *Circuit Judge,* 75 Mich. 274, 13 Am. St. Rep. 438, 5 L. R. A. 226, 42 N. W. 827; *Carpentie* v. *Montgomery,* 13 Wall. 480, 20 L. Ed. 698; *Barton* v. *Barbour,* 104 U. S. 126, 26 L. Ed. 672 (see, also, Rose's U. S. Notes); *Raymond* v. *Flavel,* 27 Or. 219, 40 Pac. 158; *Kimball* v. *Connor,* 3 Kan. 410; *Keeter* v. *State,* 82 Okl. 89, 17 A. L. R. 557, 198 Pac. 867; *State* v. *Orwig,* 25 Iowa, 280; *People* v. *Peete,* 54 Cal. App. 333, 202 Pac. 51; *Maggs* v. *Morgan,* 30 Wash. 604, 71 Pac. 188.

Appellant attacks the constitutionality of the amendment of 1921 also upon the ground that the title of the act does not express the subject legislated upon; that it is too meager, and only by reference indicates the law to be amended. In the case of *People* v. *Parvin et al.,* 2 Cal. Unrep. 788, 14 Pac. 783, the Supreme Court of California, in passing upon this question, decided that a statute to be amended may be the subject of an amending act, and said:

"The reason of the requirement that the subject shall be expressed is to prevent legislators being entrapped by false titles. . . . This reason does not require the title to give the substance of the bill. To give the substance of the bill would be to make the title almost as cumbrous as the bill itself, which would tend to defeat rather than to accomplish the purpose of the requirement. It would be to make the title an index, abstract, or catalogue of the contents of the bill, which has been held to be unnecessary. . . . Now, if the purpose was not to apprise the legislators of the substance of the bill, it must have been to put them on inquiry as to what was sought to be done. And we think a title which shows that it is intended to change a specific section of a specified statute is sufficient to put the legislators on inquiry. This seems to us to be the reasonable construction"—citing *Fleischman* v. *Walker,* 91 Ill. 320; *State* v. *McCracken,* 42 Tex. 384; *Dunbar* v. *Frazer,* 78 Ala. 538; *Dogge* v. *State,* 17 Neb. 143, 22 N. W. 348.

The title of the amendment of 1921 clearly expresses the subject of the amendment in the following language:

"An act to amend paragraph 542, chapter XIV, part II, of title VI, Revised Statutes of Arizona, 1913, Civil Code, entitled 'Civil Procedure.' "

This comes clearly within the rule of the foregoing cases.

Quite generally it has been held sufficient to entitle an amendatory act, an act to amend certain specified sections of an authorized version of the statutes or a code, without any other description of the subject of the amending act. To this effect are the following cases: *People* v. *Oates,* 142 Cal. 12, 75 Pac. 337; *In re McCue,* 7 Cal. App. 765, 96 Pac. 110; *State* v. *Berka,* 20 Neb. 375, 30 N. W. 267; *People* v. *Clute,* 12 Abb. Pr. (N. S.) 399; *State* v. *Robinson,* 32 Or. 43, 48 Pac. 357; *Wallace* v. *Goodlett,* 104 Tenn. 670, 58 S. W. 343; *State* v. *Brown,* 103 Tenn. 449, 53 S. W.

727; *State* v. *McCracken,* 42 Tex. 385; *Commonwealth* v. *Brown,* 91 Va. 762, 28 L. R. A. 110, 21 S. E. 357; *Heath* v. *Johnson,* 36 W. Va. 782, 15 S. E. 980; *Speck* v. *Gray,* 14 Wash. 589, 45 Pac. 143.

The amendment of 1921 being valid, the next question presented is whether the trial judge erred in his findings of facts. Appellant contends that this court should review all the evidence in the case to decide whether the weight of the evidence justified the findings made by the trial judge; in other words, it is urged that a trial *de novo* should be had and that this court should announce its own findings of fact from the whole record. This is not the rule in appeals from equity judgments any more so than in appeals at law. In *Rouillier* v. *Schuster,* 18 Ariz. 175, 157 Pac. 976, a case at law, this court said:

"In arriving at this conclusion this court is of course governed by the well-known rule that the Supreme Court will not weigh the evidence to determine whether or not it would have reached a different conclusion from that of the trial court, confining ourselves to ascertain only whether or not the judgment is reasonably supported or justified by any substantial evidence."

In the case of *Hunt* v. *Campbell,* 19 Ariz. 254, 169 Pac. 596, the court held that it was not permitted to look behind the findings of the trial court to weigh the evidence or to pass upon the credibility of the witnesses. And in the case of *Truax* v. *Bisbee Local No. 380,* 19 Ariz. 379, 171 Pac. 121, which was an action for injunction, it was held that this court would not interfere where there was substantial evidence in the record to support the finding of the lower court. In *Farish* v. *Beebe,* an equitable action, 20 Ariz. 196, 179 Pac. 51, this court plainly announced its stand in the following language:

"The rule that this court will not disturb the facts as found and determined by the trial court unless without support in the evidence, and that its ex-

amination of the evidence will be for the purpose of ascertaining, not where the weight of the evidence is, but to see if the record contains substantial evidence supporting the judgment, is well settled in this state.''

That there has been no deviation from this rule is shown by the cases of *Tucson Rapid Transit Co.* v. *Rubaiz,* 21 Ariz. 222, 187 Pac. 568, and *Kjerschow* v. *Daggs,* 24 Ariz. 207, 207 Pac. 1089.

The trial judge's findings of fact were, in short: That on July 1, 1908, the appellant was the owner of the real estate and personal property described in the deed and bill of sale to the Babbitts, and at all times was indebted to the Babbitts in the sum of $23,748.85; that he executed promissory notes to the Babbitts for that amount, payable one, two, and three years after date respectively, and executed also mortgages to the Babbitts upon the real estate and personal property involved in this action, which mortgages were later duly recorded; that on March 18, 1909, after the default of appellant as to the payment of interest, taxes and insurance under the terms of the mortgages, the Babbitts brought an action in the district court of Coconino county in foreclosure; that appellant on April 3, 1909, executed to David Babbitt, for the use of the Babbitts (the copartnership), a deed conveying to him all the said real estate and a bill of sale conveying all the said personal property, and that the deed and bill of sale were executed and delivered to the Babbitts in payment of the debt secured by the notes and mortgages; that said conveyance was absolute and in lieu of formal foreclosure of the mortgages, the foreclosure action being later dismissed and the mortgages satisfied of record; that David Babbitt at that time for the Babbitts executed an option agreement to the appellant for the repurchase by appellant of the real estate and personal property; that the reasonable value of the property was the amount of the indebtedness and no more; that

David Babbitt went into possession of the real estate and personal property under the said deed and bill of sale at the date they were executed, and continued to hold and to claim and own the same for himself and partners until the conveyance and transfer of several parcels to Charles Prochnow some time in 1919, who took possession of said parcels, expended considerable sums of money in making improvements thereon, and claimed an interest in the property by reason of the transfer; that the real and personal property described in the mortgages to the Babbitts was the same as that described in the deed and bill of sale from appellant to Babbitts; that appellant never, prior to the filing of his third amended complaint, claimed to defendants or any of them that said deed and bill of sale, or either of them, were held by the Babbitts as security for an indebtedness; that the Babbitts asserted title to, and paid taxes upon, the property transferred, and were in peaceable, continuous and adverse possession of all the property, real and personal, for more than five years preceding the filing of the third amended complaint aforesaid; that appellant was guilty of laches and unreasonable delay in bringing suit upon the cause of action set up in his third amended complaint.

The conclusions of law based upon these findings were: That appellant was not entitled to any relief against the Babbitts; that his cause of action was barred by laches, and by the · statute of limitations; and that his complaint be dismissed.

A review of the pleadings shows that appellant in his original, first amended, and second amended complaints, all verified by him and filed through the same counsel, brought his action against David Babbitt alone; that in each of these pleadings he adhered to the theory of conditional sale of the property to David Babbitt, asserting rights under that theory. In the third amended complaint filed in August, 1920, by new counsel—more than six years after the expira-

tion of the option contract, more than eleven years after the execution of the deed, bill of sale, and option contract, after the death of George Babbitt, one of the parties, and after the death of his own attorney, the attorney for the Babbitts, and the notary public before whom the papers were acknowledged—appellant for the first time alleged the deed and bill of sale to be mortgages, and asked for relief upon that theory of the case.

The evidence shows that in 1911 and also in 1914 the Babbitts made sales of several lots included in the property transferred by appellant to them, and to this appellant was silent and acquiescent until the filing of the third amended complaint. He paid rent to the Babbitts for the Senate Saloon, another one of the properties conveyed by him to the Babbitts, and it appears he was later ejected by the Babbitts through court action for nonpayment of rent for a subsequent period of occupancy. He acquiesced in the payment by the Babbitts of taxes, insurance, costs of repairs and improvements after the expiration of the option contract.

The lower court had ample evidence upon which to base its findings of facts, and, consequently, the conclusions of law are proper.

The judgment of the lower court is affirmed.

McALISTER, C. J., and ROSS, J., concur. LYMAN, J., being disqualified, Hon. GEORGE R. DARNELL, Superior Judge of Pima County, was called in to act in his place.