[No. 24547.   Department Two.   August 18, 1933.]

PUGET SOUND NATIONAL BANK OF TACOMA, *Respondent,*
v. MRS. A. P. OLSEN, *Appellant,* S. L. FRANK
*et al., Defendants.*[1]

*A. G. Laffin,* for appellant.
*Guy E. Kelly,* for respondent.

STEINERT, J.—Plaintiff brought this action to recover
upon five promissory notes and a written agreement
guaranteeing the payment of the same, and to fore-
close the lien of certain pledges of collateral security.

[1]Reported in 24 P. (2d) 613.

Trial before the court without a jury resulted in findings, conclusions and judgment favorable to plaintiff. The defendant Mrs. A. P. Olsen alone has appealed. For convenience, the plaintiff will be referred to as "the bank;" the defendant Olsen as "appellant;" the defendant corporation as "the company;" and the other parties defendant merely as "defendants."

The defendant company is a corporation in which the defendants Anderson and Stang and the appellant Olsen held an equal amount of stock until January 15, 1931, and of which they were president, vice-president, and secretary-treasurer, respectively. Between May 14, 1927, and January 22, 1931, the company had, from time to time, borrowed from the bank various sums of money, the loans being evidenced by the company's promissory notes which, on the latter date, aggregated fourteen thousand dollars in amount. Mr. Stang had endorsed these notes in his individual capacity.

Sometime in 1930, Mr. Stang, because of failing health, desired to retire from active business. He also desired to be relieved from his liability as endorser on the notes. The bank, however, would not relieve him of that responsibility unless the notes were paid. At about this time, the defendant Frank purchased one-half of Stang's stock in the company, and at the annual meeting of stockholders, held January 15, 1931, supplanted Stang on the board and replaced him as treasurer. Stang, however, continued as secretary. At the January meeting, Stang notified the stockholders that he would not endorse any further notes of the company unless the other stockholders signed an agreement to become equally liable with him. Pursuant to Stang's demand, the defendants Anderson and Frank and the appellant Olsen executed an unconditional guaranty agreement guaranteeing the payment of all indebtedness of the company then due

or owing, or thereafter to become due, to the bank, to the extent of fifteen thousand dollars. The written guaranty was delivered to, and has ever since been held by, the bank.

On May 26, 1931, the indebtedness of the company to the bank had been reduced to seventy-five hundred dollars, but some of its notes were then overdue. The company's financial condition was such that it was not only unable to pay the overdue notes, but it was also necessary for it to make additional loans in order to enable it to function. Mr. Stang then, upon the request of his associates, endorsed the renewal notes and later endorsed two new notes of the company aggregating $3,020.24, making a total indebtedness of $10,-520.24. This amount is evidenced by five renewal notes, which are immediately involved in this action. All of these notes bore Mr. Stang's endorsement.

In May, 1932, the company was adjudged insolvent, and a receiver was appointed to take over its affairs. Later, the receiver was discharged in order to permit the company to continue its operations, but, under the agreement of extension given by the creditors, the bank received as collateral security pledges by Mr. Frank and Mr. Stang of their individual accounts in other banks. The notes being unpaid at maturity, this action was commenced.

The first error assigned is based upon the refusal of the court to allow a trial by jury. The action was not only one to recover upon the notes and the contract of guaranty, but also to foreclose certain liens upon pledges of collateral security. This raised a question of equitable cognizance. Where equitable issues are involved, equity will assume full jurisdiction. In such case, a trial by jury is not a matter of right, but one of discretion, its exercise being subject, however, to correction for abuse. *Murray v. Okanogan Live*

*Stock, etc., Co.,* 12 Wash. 259, 40 Pac. 942; *Price v. Chambers,* 148 Wash. 170, 268 Pac. 143; *Vickerman v. Kapp,* 167 Wash. 464, 9 P. (2d) 793. The court did not abuse its discretion, and therefore did not err, in denying a trial by jury.

■ The next serial assignments are based upon certain of the court's findings and conclusions, and upon its refusal to make others proposed by the appellant. It was appellant's contention throughout the trial that the written guaranty on which her liability is founded was executed by her on the representation to her, and on the condition, that Mr. Stang was to be relieved of liability under his endorsements; that, since he was not so relieved, the guaranty never became of any effect as to her; further, that there was no consideration for her agreement, because the indebtedness which it guaranteed was then past due.

There was an abundance of evidence, which the court evidently believed and accepted, to the effect that one reason for the demand and acceptance by the bank of the guaranty agreement was that Mr. Stang's active connection with the company's affairs was to be discontinued, and that therefore the bank would not renew the notes or extend further credit unless all of the stockholders became equally liable with Mr. Stang on the notes; further, that, in reliance upon the guaranty, the bank carried the notes for a time after their maturity, as overdue, later renewing them, and still later extending further credit evidenced by additional notes of the company. Extension of time of payment of an obligation, or forbearance to sue thereon, or the extension of further credit, is a sufficient consideration for a written guaranty of payment. *Rattlemiller v. Stone,* 28 Wash. 104, 68 Pac. 168; *Schoening v. Maple Valley Lbr. Co.,* 61 Wash. 332, 112 Pac. 381; *Watkins Co. v. Brund,* 160 Wash. 183, 294 Pac. 1024.

■ There was a conflict in the evidence, and the court resolved that conflict in favor of the bank. Findings of the court are to be considered as verities in support of the judgment unless they appear by the record to be contrary to the clear preponderance of the evidence. *Herz v. Ransom,* 168 Wash. 512, 12 P. (2d) 750; *Rockwell v. Peyran,* 172 Wash. 434, 20 P. (2d) 841. In this case, the evidence does not preponderate against the findings made by the court.

Under her remaining assignments, appellant contends that the court erred in excluding certain, and admitting other, evidence.

■ The excluded evidence related to a conversation between defendant Frank and appellant in which Frank told appellant that the bank had agreed to release Stang as an endorser on the notes if the other three stockholders signed the guaranty. The bank was not represented at the conversation. Assuming that the evidence was competent, which we doubt, the record discloses that the witness was later recalled and testified fully concerning the conversation.

■ The admitted evidence related to conversations between the president of the bank and defendants Anderson and Frank concerning a subsequent agreement to use the guaranty for a purpose other than as originally agreed. Appellant was not present at those conversations. Our conclusions herein rest, as did those of the trial court, on what has already been said regarding the effect of the guaranty agreement as originally made, and not upon any subsequent agreement with reference thereto. The liability of appellant was fully established, regardless of this evidence.

The judgment is affirmed.

BEALS, C. J., TOLMAN, MAIN, and BLAKE, JJ., concur.