[No. 10512.   Department Two.   January 7, 1913.]

## H. B. McALLISTER, *Respondent*, v. ROBERT L. CHAMBERS, *as Administrator, Appellant*.[1]

EXECUTORS AND ADMINISTRATORS—ACTION AGAINST EXECUTORS—
NOTE OF DECEASED—PAYMENT—EVIDENCE — ADMISSIBILITY.   In an
action upon a note drawing 10 per cent interest, executed by the
defendant's decedent in his lifetime, it is error to exclude evidence
offered by the defense that the deceased was financially able to pay
the note, and was loaning money at from 6 to 8 per cent interest,
and prior to his death assembled his children and divided his prop-
erty among them, one of them being the wife of the plaintiff, and
that entries in a book kept by the deceased at the time of the al-
leged payments of interest indicated that the payments were on the
principal; especially where, at the time the note became due, six
years' interest was paid in advance and no payment was made
thereafter for sixteen years, when ten years' interest was paid, equal-
ing the face of the note.

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered April 6, 1912, upon the verdict of a
jury rendered in favor of the plaintiff by direction of the
court, in an action on contract.   Reversed.

*Gordon, Easterday & Askren* and *M. S. Lindsay*, for ap-
pellant.

*H. W. Lueders*, for respondent.

MOUNT, C. J.—The plaintiff brought this action in Janu-
ary, 1912, to recover upon a promissory note executed by
Frederick Myers in his lifetime.   The note was executed by
the deceased on September 15, 1890, for $1,200, and made
payable to the plaintiff thirty days after date, with interest
at 10 per cent per annum.   The complaint alleges that, on
November 11, 1890, interest was paid on the note to Novem-
ber 11, 1896; that on August 1, 1906, interest was paid to
that date, and on August 1, 1910, interest was paid to
August 1, 1911; that no further payments were made on the

[1]Reported in 129 Pac. 85.

note; that after the death of the maker on June 23, 1911, Robert L. Chambers was appointed administrator for Mr. Myers' estate; that a claim was filed for the amount of the note, and rejected by the administrator October 29, 1911. The prayer of the complaint is for $1,200, with interest at 10 per cent per annum since August 1, 1911.

The defendant, for answer, denied the note upon an information and belief, and as affirmative defenses, alleged (1) that if the deceased made the note in his lifetime, it was fully paid by him prior to his death, and (2) that the action is barred by lapse of time. At the trial of the case, the defendant sought to show that the deceased, after the execution of the note and before his death, was financially able to pay the note, and was loaning his own money at rates of interest varying from 6 to 8 per cent per annum, and prior to his death Mr. Myers assembled his children and divided his property among them, one of them being the wife of plaintiff. Defendant also offered entries in a book made by deceased at the time of the payments, for the purpose of showing that the payments made by transfer of property were not made as interest payments, but were paid upon the principal. This evidence was all excluded at the trial, and the jury directed to find a verdict for the plaintiff.

We think all this evidence should have been received. These facts, if true, were circumstances tending to show payment. The maker of the note was dead. The note was more than twenty years old before suit was brought upon it. At about the time it became due, six years' interest was paid in advance upon it and, after the expiration of that period, no payment was made until 1906, sixteen years later, when ten years' interest was paid, equalling the face of the note. It is possible that interest payments were made as stated, but such facts would depend somewhat upon the business character and financial condition of the maker of the note. The circumstances offered reasonably tended to rebut the evidence that the note

was not paid. In *Robertson v. O'Neill*, 67 Wash. 121, 120 Pac. 884, we said:

"In a trial of a case, any circumstance is admissible which reasonably tends to establish the theory of the party offering it, or to explain, qualify, or disprove the testimony of his adversary. When death has stilled the lips of one of the parties to the transaction and demand is being asserted against his estate, his representative should be permitted to combat the claim with any circumstance reasonably tending to shed light upon the transaction in controversy."

We think this is applicable to the case presented here, and that the evidence should have been received and the case submitted to the jury.

The judgment is therefore reversed, and the cause remanded for a new trial.

MORRIS, ELLIS, FULLERTON, and MAIN, JJ., concur.