[No. 15604.    Department Two.    April 5, 1920.]

C. W. PETERSON, *Respondent,* v. M. OGLE *et al.,*
*Appellants.*[1]

APPEAL (416)—REVIEW—FINDINGS.  Findings on conflicting evidence, where the court had the witnesses before it, will not be disturbed on appeal unless it can be said from the record that the evidence preponderates against them.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered June 14, 1919, upon findings in favor of the plaintiff, in an action for rescission, tried to the court.  Affirmed.

*Fred M. Williams* and *Reuben Crandell,* for appellants.

*Danson, Williams & Danson,* for respondent.

TOLMAN, J.—The respondent, as plaintiff, brought this action to rescind and set aside a conveyance of real estate, which he alleged he was induced to make by reason of certain false and fraudulent representations, upon which he relied.  From a judgment against all of the defendants in accordance with the prayer of the complaint, Mauser and wife have appealed.

General assignments of · error are made upon the admission and rejection of evidence, but no basis therefor is shown by the abstract, nor have any particular rulings of the court been in any manner pointed out or called to our attention.  Under these conditions, we decline to go over the statement of facts and consider each ruling of the court upon the admission and rejection of evidence, as being no part of our duty.

All of the remaining errors assigned go to the sufficiency of the evidence to warrant the judgment.  The

[1]Reported in 188 Pac. 768.

record is voluminous and has been liberally abstracted. We have studied the abstract and, upon points sharply in issue, have had recourse to the statement of facts. The evidence on the part of respondent, if believed, establishes a state of facts constituting conspiracy to deprive him of his property, which closely approaches what is commonly called "a confidence game," while the denials and explanations on the part of appellants may be truthful and honest, or may be the usual and plausible defense of those who prey upon others. The trial court had the principal witnesses before him in person and could, and did, observe their demeanor and manner of testifying, and the findings and judgment are eloquent of the fact that he believed respondent's witnesses and disbelieved those of appellants, and we cannot, from the record, say that the evidence preponderates against his findings.

It would serve no good purpose to attempt to state the facts here or discuss the evidence in detail, and anything less than a full statement and discussion might be misleading.

Finding that the evidence warrants the judgment of the trial court, that judgment is affirmed.

HOLCOMB, C. J., BRIDGES, FULLERTON, and MOUNT, JJ., concur.