[No. 18214. *En Banc.* June 25, 1924.]

## G. H. SIMON, *Respondent,* v. OLYMPIC SECURITIES COMPANY, *Appellant.*[1]

FRAUDULENT CONVEYANCES (93)—EVIDENCE—SUFFICIENCY—TRANS-ACTIONS BETWEEN RELATIVES. A bill of sale of an automobile from an insolvent to his daughter is not fraudulent as to his creditors, where it appears that he was, at the time, indebted to her in more than double the value of the car, which was originally paid for in part with her separate estate, and in her possession, the bill of sale being given in partial satisfaction of loans made to him (TOL-MAN and MACKINTOSH, JJ., dissent).

EXECUTION (35-1)—HUSBAND AND WIFE (86)—TITLE OF CLAIMANT—COMMUNITY PROPERTY—RIGHT OF WIFE TO ASSERT THIRD PARTY CLAIM. In the summary proceeding by an adverse party, claiming title to property levied upon, under Rem. Comp. Stat., § 573, the claimant need not show absolute ownership; hence claim may be made by a married woman, having a bill of sale and possession of an automobile, without joining her husband, even if it be community property; especially where he consented to a bill of sale in her name and disclaimed interest in it.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered April 28, 1923, upon findings in favor of the claimant, in an action to determine adverse claims to property levied upon, tried to the court. Affirmed.

*Patterson & Patterson,* for appellant.

*Burkey, O'Brien & Burkey,* for respondent.

PARKER, J.—This cause came into the superior court for Pierce county under our statute relating to adverse claims to property levied upon (§ 573 *et seq.,* Rem. Comp. Stat.) [P. C. § 7843], Mrs. Simon, named in the record as G. H. Simon, being the claimant, and the Olympic Securities Company being the execution creditor in whose behalf the levy drawn in question was

[1] Reported in 226 Pac. 1019.

made by the sheriff. On January 27, 1921, Mrs. Simon received from her father, L. Verstandig, a bill of sale in terms conveying to her an automobile, at the same time surrendering to her, as she claims, the exclusive possession of the automobile. On August 30, 1921, the Olympic Securities Company was, by the superior court for King county, awarded a money judgment in the sum of $2,219.35 against Verstandig. On September 30, 1921, a general execution was issued out of that court upon the judgment, directing the sheriff of Pierce county to levy upon and sell property of Verstandig to be found in that county, towards the satisfaction of the judgment.

On October 1, 1921, the sheriff of Pierce county, in pursuance of the execution, levied upon and took from the possession of Mrs. Simon the automobile, being directed so to do by the securities company. On October 10, 1921, Mrs. Simon made affidavit of her ownership of the automobile, stating its value to be $750, at the same time executing a sufficient bond with surety as provided by § 573, Rem. Comp. Stat.; which affidavit and bond she caused to be delivered to the sheriff, and made a demand upon him that he return the automobile to her. The automobile was accordingly returned to her, and, in due course, her claim of ownership therein as against the claimed right of the securities company to have the same sold towards the satisfaction of its judgment against Verstandig, came on for trial in the superior court for Pierce county sitting without a jury; which trial resulted in findings and judgment confirming her ownership of the automobile. From this disposition of the cause in the superior court, the securities company has appealed to this court.

The first and principal contention here made in behalf of the securities company is that the evidence does

not support the judgment. The trial court did not make findings of detailed facts upon which he evidently regarded Mrs. Simon's ownership of the automobile rested, but in that behalf made only a general finding that, at the time the automobile was seized and taken from her possession, "it belonged in fact to the claimant G. H. Simon, and did not belong to the judgment debtor, L. Verstandig, and that he did not at said time have any interest therein;" and concluded that she was entitled to judgment accordingly against the securities company.

The evidence introduced upon the trial is voluminous and contradictory in a good many particulars. It would be quite beyond any useful purpose to analyze the evidence here in detail. We have read the whole of it as brought here in the statement of facts, the argument of counsel being so strenuous, and stressing so many different details with a view of demonstrating that this or that witness testified falsely, that we have assumed the burden of reading all of the evidence from the statement of facts rather than referring to the abstract alone. While the trial judge did not make other than the general finding we have above noticed, we think it apparent that he must have believed from the evidence, and we think he was warranted in so believing, in substance, the following: The automobile in question was purchased by Verstandig in the fall of 1919, paying part of the purchase price thereof by trading in another automobile of which Mrs. Simon seems to have been the owner, at least in part, as her separate property. After such purchase of the automobile, Mrs. Simon was the one who personally drove it almost wholly, her father not driving it, though probably the possession of it was as much his as hers. Mrs. Simon had been loaning money to her father for a

period of a year or more prior to the receiving of the bill of sale from him for this automobile. This bill of sale was given by him to her partially in satisfaction of funds which she had so advanced to him. There was then an agreement made between them that she might sell the automobile for whatever she could get for it and give Verstandig credit accordingly. Upon the execution of the bill of sale, Verstandig and Mrs. Simon caused the garage partnership where the automobile was being stored to issue to Mrs. Simon a receipt for the machine as being from thence in storage for her. The moneys then due from Verstandig to Mrs. Simon, his daughter, according to the version of each of them, was approximately $4,500. This loaning or turning over of funds by Mrs. Simon to Verstandig was conducted in rather a loose manner so far as keeping account thereof is concerned. Indeed, it was sort of a family affair, as not infrequently happens, but we think the evidence at least fully warrants the conclusion that there was then due from Verstandig to Mrs. Simon a sum equal to more than twice the value of the automobile. This is all she has ever received from him in the way of repayment of those funds.

It is argued in behalf of appellant that at that time Verstandig was insolvent, and it must be conceded that there is some ground for such argument, though the fact of his then insolvency does not appear in this record with any degree of certainty. If such be the fact, however, the conveying of whatever interest he may have had in the automobile to Mrs. Simon, in addition to whatever interest she may have then had in the automobile, was nothing more than preferring her as one of his creditors. Thereafter the automobile was in her exclusive possession, use and control until she sold it more than a year later. On May 12, 1922,

which it will be noticed was more than fourteen months after the giving of the bill of sale for the automobile by Verstandig to Mrs. Simon on January 27, 1921, he filed in the Federal court his voluntary petition in bankruptcy, up to which time no effort was made by anyone to force him into bankruptcy as an insolvent, nor has any effort been made by the trustee in bankruptcy looking to the recovery of the automobile or its value from Mrs. Simon as a part of the estate of Verstandig. We do not overlook the many circumstances disclosed by the evidence referred to by counsel for the securities company as pointing to the title in the automobile remaining in Verstandig. We think that no one, or all of them together, effectually answer in the negative the absolute ownership of the automobile becoming effective in Mrs. Simon upon the execution of the bill of sale. It seems tò us unnecessary to say more upon this branch of the case. We conclude that the court's judgment cannot be disturbed by us upon the merits.

Contention is made in behalf of the securities company that Mrs. Simon is not entitled to assert her claim of ownership to the automobile because not joined therein by her husband; the argument being that the record shows the automobile to be their community property. There is, it must be conceded, some room for arguing that it was their community property, but there is also some room for arguing that it was her separate property by reason of the nature of the property and funds which formed the consideration of her original acquiring an interest therein and her ultimately acquiring full title thereto by the bill of sale from her father. However that may be, we think it plain that, under the circumstances, she had a right to seek retention in her possession of the automobile

under our statute relating to adverse claims to property levied upon. This is a summary proceeding under that statute in which in form the claimant seems to become the plaintiff, but in substance the claimant really is the defendant, when the levy takes the property from his possession. Such a claimant does not have to be possessed of absolute ownership, but only of such ownership and right of possession as is superior to that of the judgment debtor, and in turn to that of the judgment creditor seeking to have the property seized and sold in satisfaction of his judgment. Plainly, Mrs. Simon's right of possession and title to this automobile, even as a mere member of the community, was superior to that of either the judgment debtor or the claim of the judgment creditor to have it sold towards the satisfaction of its judgment. Besides, we have testimony which all but conclusively shows that the bill of sale was made by Verstandig to Mrs. Simon, his daughter, by express consent of her husband, he at that time disclaiming all interest in the automobile and she receiving and ever since then exercising possession, dominion and control over the automobile. Surely, the securities company is in no position to claim that she has not the right to defend her possession and claim of title to the automobile, which at all events is superior to that of every other person in the world, except possibly the community consisting of herself and husband.

One or two other claims of error are made and very briefly argued. We deem it sufficient to say we have examined them and regard them without merit.

The judgment is affirmed.

MAIN, C. J., FULLERTON, HOLCOMB, BRIDGES, PEMBERTON, and MITCHELL, JJ., concur.

TOLMAN, J. (dissenting)—In my judgment, fraud was established by the overwhelming weight of the evidence. I therefore dissent.

MACKINTOSH, J., concurs with TOLMAN, J.