[No. 21100.  Department Two.  July 2, 1928.]

BERNARD J. O'REILLY, *Respondent*, v. JULIA HESS
MILLER, *Appellant*.[1]

[1] APPEAL (418)—REVIEW—FINDINGS.  Findings on conflicting evi-
dence will not be disturbed on appeal unless against the pre-
ponderance of the evidence.

[2] MONEY PAID (4)—DEFENSES—DEDUCTIONS FROM PREMIUM PAID
BY INSURANCE AGENT.  Where insured agreed to repay the insur-
ance agent the amount of a premium advanced for him, his lia-
bility to the agent is not affected by the fact that the agent
paid the premium less his commission, due him from the com-
pany for writing the insurance.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered November 23, 1927,
upon findings in favor of the plaintiff, in an action on
contract, tried to the court.  Affirmed.

*Howard O. Durk,* for appellant.

*George F. Hannan,* for respondent.

ASKREN, J.—The facts in this case are substantially
as follows:  Respondent in 1924, as agent of the New
World Life Insurance Company, wrote a policy on the
life of appellant in the sum of $5,000, the yearly
premium, being $321.80.  Appellant did not pay the
premium and returned the policy to respondent about
ninety days thereafter, whereupon he went to see ap-
pellant and explained that he would not accept its re-
turn.  After some conversation, in which it developed
that appellant was not financially able at the time to
pay the premium, it was agreed that respondent should
pay the same to the insurance company and appellant
keep the policy and later pay respondent.  Respondent
paid the insurance premium to the company, the

[1]Reported in 268 Pac. 869.

policy was in force for a year, and he then brought suit to recover, with a favorable result.

[1] Upon appeal, two errors are assigned: First, it is urged that the evidence did not warrant a recovery, inasmuch as there was not a sufficient showing that the premium was paid at appellant's request. The record, upon examination, discloses that the evidence is conflicting, and under our repeated holdings we cannot reverse the judgment unless it preponderates against the findings of the trial court. This it does not do.

[2] Secondly, it is urged that respondent did not pay the full premium to the insurance company. It appeared from the testimony that respondent was entitled to a commission from the insurance company for writing the policy issued to appellant, and that, when respondent made payment to the company, he paid the amount of the premium, less his commission. Therefore it is urged that the only amount recoverable from appellant is the actual amount paid in cash to the company.

Appellant, however, is not interested in the question of whether respondent actually paid any cash at the time to the company or not. His dealings might have been such that the company owed him, rather than he owing the company. A cancellation of mutual obligations would be sufficient to discharge the premium debt.

The fact remains that appellant owed the company $321.80; that respondent agreed to, and did, pay and discharge the same. It follows that appellant is liable.

Judgment affirmed.

Fullerton, C. J., Holcomb, Beals, and Parker, JJ., concur.