[No. 21797.   Department One.   August 19, 1929.]

CHAS. E. KUHN et al., Appellants, v. THOMAS LEWIS et al., Respondents.[1]

*Martin F. Smith,* for appellants.
*F. L. Morgan,* for respondents.

BEALS, J.—Thomas Lewis, one of the defendants and respondents in this proceeding, having recovered judgment in the superior court for Grays Harbor county against one Ida McKanna, caused execution to issue upon his judgment, by virtue of which execution the sheriff seized certain personal property as the property of the judgment debtor and advertised the same for sale.  The property levied upon consisted of an automobile and different articles of household

[1] Reported in 279 Pac. 597.

furniture. Immediately after the levy, this proceeding was instituted by the filing of a joint affidavit by Charles E. Kuhn and Lulu Kelly (pursuant to Rem. Comp. Stat., § 573), in which affiants stated that they were the owners of the personal property which had been seized, with the exception of the automobile. As to that, Charles E. Kuhn filed his affidavit stating that the same was his property. Claimants having filed bonds, the property in question was delivered to them and a trial was had to the court in the manner provided by law, between the claimants, as plaintiffs, and the judgment creditor and the sheriff as defendants, for the purpose of determining, as between the parties, the title to and the right of possession of the personal property upon which the sheriff had levied.

The testimony introduced on behalf of claimants Kuhn and Kelly being practically the same as to the title to the automobile and the rest of the property, the fact that Lulu Kelly claims no interest in the automobile will hereafter in this opinion be disregarded, and the plaintiffs will be referred to as though they were claiming jointly all of the property. The trial resulted in a judgment in favor of the defendants, which judgment the court set aside in granting a motion for a new trial made by plaintiffs. The second trial, before a different judge, also resulted in a judgment in favor of the defendants, from which plaintiffs, or claimants, have appealed to this court.

The validity of the judgment in favor of respondent Lewis and against Ida McKanna is, of course, not in issue here, the sole question being whether or not the personal property levied upon by the sheriff pursuant to that judgment was the property of Ida McKanna, the judgment debtor, or of the appellants, Charles E. Kuhn and Lulu Kelly.

It seems to be undisputed that the property in ques-

tion has at different times belonged to Ida McKanna, either absolutely, or as purchaser under contract of conditional sale, appellants claiming that she conveyed the same, or her interest therein, to appellant Kuhn prior to the sheriff's levy thereon. Mrs. McKanna did not testify at the second trial, nor was her testimony given at the first hearing made a part of the record. Appellant Lulu Kelly comes rather incidentally into the picture by way of an alleged purchase of some of the property from appellant Kuhn, which articles she thereupon immediately agreed to resell to Mr. Kuhn by contract of conditional sale. Lulu Kelly was absent from the state at the time of the trial and did not testify, nor was her deposition taken.

Appellant Charles E. Kuhn testified to his purchase, for value, of a cow, a piano, a Ford coupe, a phonograph and household furniture, from Ida McKanna in September, 1924, and that, in the spring of 1925, Mrs. McKanna gave to him her interest in certain furniture and effects which she was purchasing from Matt Maljanen and wife, and that he (Kuhn) paid to the Maljanens the balance due them on Mrs. McKanna's contract for the purchase of the furniture, taking a bill of sale in his own name and immediately selling the same to appellant Lulu Kelly, who the same day contracted by an agreement of conditional sale to resell the property to him. It is admitted that such of the property levied upon as Mr. Kuhn had purchased from Mrs. McKanna, or taken over as assignee of the Maljanen-McKanna contract, and had not previously sold, was in the possession of Mrs. McKanna and was being used by her at the time the same was seized by respondent sheriff under the execution issued on respondent Lewis' judgment, and that such property had been in Mrs. McKanna's possession for some time

prior to that date. Appellant Kuhn claims that Mrs. McKanna had leased the property from him and was in possession thereof under and by virtue of such lease.

The trial court made findings of fact against appellants' contentions, rejecting the testimony of appellant Kuhn, and finding that the title to the property in question was, in fact, up to and at the time of the levy thereon, vested in the judgment debtor, Ida McKanna, and that appellant Kuhn had actually no interest in the property, although the record title thereto stood in his name. Judgment was entered to the effect that respondents were entitled to have the property seized restored to them, and, in case of the failure or inability of appellants to redeliver the property to respondent sheriff within a time fixed, that respondent Lewis have judgment against appellants and the sureties upon their delivery bonds for the amounts set forth in the judgment. Appellants excepted to the findings of fact and conclusions of law made by the trial court and presented proposed findings on their behalf which the trial court refused to enter, to which refusal appellants also excepted.

It is, of course, true that, if appellant Kuhn, in good faith, purchased from Ida McKanna different articles of personal property the subsequent lease of such property by Mr. Kuhn to Mrs. McKanna, or the delivery of the property to her, under any arrangement which failed to convey to her any interest therein, would not render the property subject to execution and levy on a judgment against her. It is also true that, in such a proceeding as this, the claimant (appellants here) need not prove his absolute ownership of the property the title to which is the subject-matter of the proceeding, but only such ownership and right of possession as is superior to that of the judg-

ment debtor. *Simon v. Olympic Securities Co.,* 130 Wash. 247, 226 Pac. 1019.

The difficulty with appellants' position is that the trial court did not believe from the testimony introduced at the hearing that appellants or either of them had any title to the property levied upon of any nature sufficient to defeat the levy. The primary questions to be determined in this matter are questions of fact, and in an endeavor to understand the situation to the fullest possible extent, we have read the statement of facts, disregarding the abstract. Appellants contend, *inter alia,* that, because it did not appear that Mrs. McKanna ever claimed title to the property after the record title thereto became vested in appellant Kuhn, either before or after the levy, such negative evidence is of some probative value in determining the questions of fact as to the actual title to the property. Under the circumstances, it would seem rather odd if Mrs. McKanna had made any claim of ownership to the property, as such claim on her part would have tended to have rendered the property liable to seizure in satisfaction of her debts. She had apparently voluntarily participated in acts which caused the record title to the property to be vested in appellant Kuhn. Whatever purpose the parties had in view in following this plan, whether the transactions were *bona fide* conveyances or colorable only, we can readily understand that Mrs. McKanna thereafter would be unlikely to claim that the property was in fact hers.

This is peculiarly a case in which the trial court, who saw and heard the witnesses, was in a much better position to determine the facts than we are. That court decided the issues as to the ownership of the property against appellants, and, in our opinion, the testimony preponderates in favor of the findings made. This renders unnecessary any discussion of the

authorities cited by appellants which are not relevant if the testimony introduced on their behalf failed to establish their superior right to possession of the personalty upon which the respondent sheriff had levied.

Judgment affirmed.

MAIN, FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.