[No. 24282.   Department Two.   April 4, 1933.]

WILLIAM H. ROCKWELL, *Appellant,* v. GUY C. PEYRAN *et al., Respondents.*[1]

*Stuart H. Elliott,* for appellant.

*Robert B. Abel,* for respondents.

[1]Reported in 20 P. (2d) 841.

STEINERT, J.—Plaintiff's theory of this case, as disclosed by his complaint, is that, on June 27, 1931, he sold and delivered to defendants one hundred and eighty-six shares of "Transamerica" stock, having a market value at that time of $1,627.50, for which payment is now demanded. Defendants' theory of the case, as disclosed by their answer and cross-complaint, is that, on the above date, the plaintiff exchanged his "Transamerica" stock for twenty shares of preferred stock of the defendant First Guaranty Company, a corporation, and at the same time borrowed of the company the sum of $525, for which he gave his collateral note payable on demand and secured by a pledge of the preferred stock which plaintiff was to receive in the exchange.

Upon the trial, plaintiff consented to a dismissal of the action so far as the individual defendants were concerned, and the cause proceeded against the defendant corporation alone. The court, after hearing the evidence, accepted the theory of defendants, entered its findings, conclusions and judgment dismissing the complaint, awarding the company recovery upon plaintiff's note, establishing a lien on the stock pledged and ordering its sale and the application of the proceeds thereof to the judgment. The plaintiff has appealed.

The case is primarily one of fact. The opposing evidence was diametric in its tenor and effect. The only witnesses were the appellant and the defendant Guy C. Peyran, who was the president of the respondent corporation. Both of these witnesses were parties to the transaction and directly interested in the results. The court saw the witnesses and heard and weighed their testimony. The evidence does not clearly preponderate against the findings of the court, but, as it seems to us, its weight is the other way.

Under the rule established in this state, the findings may not, under such circumstances, be disturbed on appeal. *Peterson v. Ogle,* 110 Wash. 610, 188 Pac. 768; *Yarnall v. Knickerbocker Co.,* 120 Wash. 205, 206 Pac. 936; *O'Reilly v. Miller,* 148 Wash. 277, 268 Pac. 869; *Herz v. Ransom,* 168 Wash. 512, 12 P. (2d) 750.

Appellant, in his assignments of error, raises several questions of law. These we will notice briefly.

■ Appellant first contends that the court erred in permitting respondent to read into the record the wording contained on the stub of a receipt book, purporting to show that the transaction was an exchange, as contended by respondent. He contends that this was error because no preliminary notice to produce the original receipt had been served upon the appellant or his attorney. Mr. Peyran testified that he had given the receipt to appellant, and that it contained the same wording as that appearing on the stub. Although no formal notice to produce the receipt had been given, that became immaterial, because it appeared at the time that appellant could not have produced the receipt in any event. The demand, therefore, would have been an idle formality. There was sufficient basis for the secondary evidence.

■ Appellant also complains because respondent was allowed to read into the record certain minutes of the corporation showing that, at a meeting of the trustees, the exchange of stock and the pledge securing the collateral note of the plaintiff had been approved. Mr. Peyran had already testified to the same matter. The evidence afforded by the minute book was, therefore, merely cumulative.

■ But aside from this, we think that the evidence was admissible. This being an action between a stockholder and the corporation, the minutes were admissible to show corporate action. While the evi-

dence was not conclusive, it was entitled to consideration for what the court deemed it worth. 4 Jones on Evidence (2d ed.), § 1734.

█ It is next contended that the court erred in refusing to permit appellant to testify concerning certain investigations that had been made by the department of securities of the state with respect to the affairs of the respondent corporation. This had no bearing on appellant's case. If it was material at all, it would be so only in rebuttal of respondent's case under its affirmative defense and cross-complaint. The court so ruled, and the offer was never thereafter renewed by appellant. The ruling of the court was correct.

Appellant finally contends that the court erred in holding that the note given by him was a collateral note. The appellant testified that, when he signed the note, it contained no reference to a pledge of the preferred stock, but that the notation was subsequently made thereon without his knowledge. Mr. Peyran testified that the note was complete when signed by the appellant. The court resolved the disputed question of fact in favor of respondent. The evidence does not preponderate against the finding of the court.

█ Appellant asserts that, in fact, there could have been no pledge of the stock at the time that the note was given, for the reason that the stock certificates had not then been printed. It is, of course, true, as asserted by appellant, that delivery of pledged property by the pledgor to the pledgee is necessary to the life of the contemplated pledge. *Hastings v. Lincoln Trust Co.*, 115 Wash. 492, 197 Pac. 627, 18 A. L. R. 583; *Bank of California v. Danamiller*, 125 Wash. 255, 215 Pac. 321, 36 A. L. R. 753; *Qualley v. Snoqualmie Valley Bank*, 136 Wash. 42, 238 Pac. 915. But under the circumstances here shown, the issuance of the

438

stock to the appellant and a redelivery by him to respondent would have been simply a matter of form. The retention of the stock by the respondent upon the execution and delivery to it of appellant's note, accomplished the same purpose as delivery of the stock from respondent to appellant and a redelivery to the respondent. The requisites of a pledge were fully comprehended in the transaction. The pledgor had, in effect, parted with his property, and the pledgee had possession and control of it. The court correctly held that the transaction was, in effect, a pledge.

Finding no error in the various rulings and holdings of the trial court, the judgment is affirmed.

BEALS, C. J., MAIN, BLAKE, and TOLMAN, JJ., concur.