[No. 28137. Department One. September 23, 1941.]

BRYAN C. STANGLE, *Appellant,* v. CURTIS SMITH *et al.,*
*Respondents.*[1]

*Bruce Bartley, George Bovingdon, Robert Sherwood,*
and *Lawrence Keplinger,* for appellant.

*Brown & Millhouse,* for respondents.

DRIVER, J.—Plaintiff brought this action to recover
for damage to his automobile, resulting from a colli-
sion with an automobile owned by the defendants
Curtis Smith and wife. The defendants sought, by
cross-complaint, to recover for damage to their own
vehicle. After a trial without a jury, the court found
that both parties had been guilty of negligence, which
proximately caused the accident; and entered judg-
ment denying recovery to either of them. Plaintiff
has appealed.

Reported in 117 P. (2d) 207.

The collision occurred at about ten o'clock in the forenoon of August 1, 1939, near the intersection of Cottonwood and Pinewood streets, several blocks north of the northerly limits of the city of Bellingham. The day was clear, and the streets were dry. Neither was paved, but each had a traveled portion, approximately twenty-two feet wide, surfaced with gravel. Cottonwood street runs east and west, and Pinewood street, north and south. The latter meets, but does not extend to the north of, the former, so that their intersection forms a "T."

Immediately before the accident, appellant's car, driven by one of his employees, was proceeding east along Cottonwood on its right-hand side of the road, and respondent Murrell Smith, minor son of the other respondents, was driving their automobile north on Pinewood. Making a left (west) turn on Cottonwood, respondent driver, although he followed what appeared to be the customary route, passed to the west (his left) of the center of Pinewood at its junction with the intersection and also to the south (his left) of the center of Cottonwood at its junction with the intersection. The two vehicles came into collision a few feet west of the intersection and on the southerly side of Cottonwood. The right-front part of each car struck the right-front part of the other.

There is virtually no dispute as to the foregoing facts. Some others, likewise not disputed, are set forth in the following excerpt from the memorandum opinion of the trial court:

"The westerly side of Pinewood is lined with shrubbery and other growths, so that one driving easterly on Cottonwood is unable to see an automobile approaching north on Pinewood until he is almost into the intersection. Likewise, a driver on Pinewood is unable to see traffic approaching on Cottonwood. The collision, from which damages are claimed by both

parties, took place a short distance beyond this intersection on Cottonwood Street. It is undisputed that the defendant [respondent] 'cut the corner' going from Pinewood into Cottonwood so that at the point of collision his automobile was in the path of plaintiff's [appellant's] automobile. It also appeared that this is the customary route of travel on this graveled street and that he followed the well defined path of travel, and that in fact gravel has accumulated near the center of said street, which makes it less convenient for traffic to keep to the right of the center of the right-of-way. However, such accumulation is in no sense of the word an obstruction which makes it necessary for users to cut the corner, as is done."

The lower court specifically found that the respondent driver was negligent, and that his negligence was a proximate cause of the collision. Since respondents have taken no cross-appeal, that question is now foreclosed in this court. The only remaining question for determination is whether appellant was barred from recovery by contributory negligence. Respondents contend that the speed at which appellant's car was being operated constituted such negligence.

The trial court found, and concluded in both its memorandum opinion and in its formal findings of fact and conclusions of law, that appellant's driver was negligent in driving at an excessive rate of speed, and that such negligence proximately contributed to the accident. The memorandum opinion concisely states the court's views in that regard as follows:

"The only fact in dispute is as to the speed of the plaintiff's [appellant's] automobile at the time of impact. Defendant's [respondents'] car was being driven in second gear at about 15 miles per hour. The driver of plaintiff's [appellant's] automobile testified that at the time of collision he was traveling at a rate of speed not to exceed 30 miles per hour and that after the collision his car was under control and he coasted some distance beyond before stopping. Other wit-

nesses, however, placed the speed of this automobile at a much higher figure, one witness testifying the speed was at least 60 miles per hour. Several witnesses testified that plaintiff's [appellant's] automobile skidded at least 100 feet following the collision. I am convinced from the testimony that plaintiff's [appellant's] car was being operated considerably in excess of 30 miles per hour. . . .

"In the second place, in view of all the evidence it is my opinion that the accident would not have happened but for the negligence of plaintiff's [appellant's] driver. It necessarily follows that in my judgment this negligence contributed to and was a proximate cause of the collision."

██ The trial court was in a position to hear and observe the witnesses whose testimony was in conflict as to the speed of appellant's car, and its findings should not be disturbed unless the evidence preponderates against them. Three of our numerous cases which subscribe to this well-settled rule are *Bohlke v. Wright*, 200 Wash. 374, 93 P. (2d) 321; *Gensman v. West Coast Power Co.*, 3 Wn. (2d) 404, 101 P. (2d) 316; *Tutewiler v. Shannon*, 8 Wn. (2d) 23, 111 P. (2d) 215. Careful consideration of the entire record in the present case impels us to conclude that the lower court's findings should stand.

██ Appellant earnestly maintains that the speed of his car should not bar his recovery because, under the circumstances, it could not have been a proximate cause of the accident. He cites in support of this contention *Burlie v. Stephens*, 113 Wash. 182, 193 Pac. 684, and *Clark v. King*, 178 Wash. 421, 34 P. (2d) 1105.

In the former case, a boy on roller skates and, in the latter, an automobile turned into the path of an oncoming car so suddenly, in such close proximity, and under such circumstances that the driver, who had no reason to anticipate the danger, could not escape a

collision. In each instance, we held that the speed of the car on the proper side of the street should not be considered, because speed had nothing to do with the accident. The crux of those decisions, and others of like tenor by this court, is expressed in the following quotation from the opinion in *Burlie v. Stephens*:

"The record shows that the collision would have occurred whether the automobile was traveling at the rate of ten miles or of thirty miles an hour. There was no danger at all, regardless of the speed of the car, until the boy suddenly turned in front of it at such close proximity to it as that the collision was inevitable.

"The violation of a speed ordinance or statute is not in itself sufficient to make the driver of the automobile liable in damages in the event of a collision. There must be something more; it must appear that such violation was the proximate cause of the injury."

In the present case, we have a different situation. Here, the driver of appellant's automobile was familiar with the intersection where the accident occurred. He had passed it, he testified, "a dozen times," the last occasion being only an hour or so before the collision. He knew that, as he approached the intersection, the view of Pinewood street to his right was obstructed. The respondents' car, although slightly out of the intersection and on the southerly side of Cottonwood street at the time of the impact, was following the customary and well-defined route of travel of cars turning west off Pinewood street. It was traveling only fifteen miles an hour, and was patently proceeding toward the northerly and proper side of Cottonwood street. Under such circumstances, we think, the trial court correctly took into account the speed of appellant's car as a proximately contributing factor. Appellant driver may well have avoided the collision had he kept the vehicle under better control and operated it, as directed by Rem. Rev. Stat., Vol. 7A, § 6360-

466

64 [P. C. § 2696-891] (1), "in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, . . . "
Judgment affirmed.

ROBINSON, C. J., STEINERT, MAIN, and BLAKE, JJ., concur.