[No. 29230.   Department One.   April 7, 1944.]

C. H. SLOOP, *Appellant*, v. FRANK THOMAS, *Defendant*, VERNON THOMAS *et al., Respondents.*[1]

*Robt. W. Garver*, for appellant.

*Hall & LaLonde*, for respondents.

SIMPSON, C. J.—This action was instituted to recover the value of timber cut and removed by defendants from land owned by plaintiff.   The complaint alleged that defendants, without right or authority, trespassed upon the property of plaintiff and cut growing timber therefrom.   He then asked that the damages occasioned by the cutting be trebled. Defendants denied the trespass, and then alleged that they cut the timber as a result of its sale to them by plaintiff. The case was tried to the court sitting without a jury.   At the conclusion of the trial, the court made findings of fact

[1]Reported in 147 P. (2d) 511.

and conclusions of law, and thereafter entered judgment favorable to plaintiff, but in an amount less than demanded.

Plaintiff appealed, and assigns error as follows: In failing to award appellant judgment for treble damages against respondents; in failing to find the reasonable value of the timber to be two dollars per thousand; and, in determining the total amount of timber cut to be less than the amount admitted by respondents in their answer to have been cut by them on the land of appellant.

The evidence of the parties to this action and their witnesses cannot be reconciled. The testimony on behalf of appellant was to the effect that the boundary line between the properties was definitely established, and that respondents knowingly passed over the boundary line onto appellant's land and deliberately cut and removed certain trees standing upon the property. Appellant's evidence showed that he had not sold the timber to respondents, nor had he given them permission to cut the trees.

Opposed to the evidence on the part of the appellant is testimony just as positive as that of appellant. It was to the effect that appellant was willing that the timber be cut by respondents. The testimony of three witnesses was that negotiations were commenced relative to the purchase by respondents of a considerable tract of timber land owned by appellant; that the sale was not concluded, but that appellant told respondents that it was "all right" to take certain trees from the land.

We quote from the testimony of one witness:

"You told him that if you took this little patch of timber, you would have to take it now? A. That is absolutely right. Q. Was there anything said as to whether such an arrangement was all right? A. He said it was all right."

Appellant complains that the court should have applied the provisions of Rem. Rev. Stat., § 939 [P. C. § 8557], which states in part:

" . . . if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefor, as the case may be."

The evidence relating to the amount of timber taken from appellant's land and its value was also in dispute. The witnesses for appellant and those testifying on respondents' side of the controversy were unable to agree upon either the log scale or the market value.

We are unable to say that the evidence in this case preponderates against the findings of the trial court. For that reason, we cannot disturb the judgment. *Stangle v. Smith*, 10 Wn. (2d) 461, 117 P. (2d) 207.

Appellant insists that in any event the trial court should have allowed him compensation for 48,265 feet of timber, instead of 40,662 feet, as indicated in the judgment. He bases his contention upon the fact that respondents in their answer admitted the taking of the larger amount. Certain witnesses testified that the logs scaled 40,662 feet. Inasmuch as there was no objection to that evidence, we must assume that the pleadings were amended to conform to the proof.

The judgment is affirmed.

BEALS, STEINERT, JEFFERS, and GRADY, JJ., concur.