[No. 30460. Department One. February 25, 1949.]

A. E. FOUNTAIN, *Appellant,* v. L. M. PARNELL *et al.,* *Respondents.*[1]

*Geo. W. Young* and *H. J. Welty,* for appellant.

*W. L. LaFollette,* for respondents.

PER CURIAM—The complaint in this case contained four causes of action. Cause No. 1 charged defendant Parnell, the sheriff of Whitman county, and defendants Fisher, Chryst, and Lloyd, with negligence in caring for certain

[1] Reported in 202 P. (2d) 918.

articles of personal property during the time they were in the possession of the defendants during the foreclosure of a chattel mortgage on the property. Defendant corporation was charged with attempting to sell a portion of the personal property to one Ray Jeske

" . . . and to that end obtained the execution of purported bills of sales and gave to said Ray Jeske substantially all of the remaining farm machinery and equipment in the hands of said defendants."

Cause of action No. 2 contends that the mortgage was paid, but that defendants failed and neglected to return a portion of the mortgaged property to plaintiff.

Cause of action No. 3 is based upon the allegation that defendants, by retaining the farm machinery and equipment, caused loss to plaintiff because he was unable to use the machinery to harvest his 1946 crop.

In the fourth cause of action, plaintiff contends that he was unable to plant a crop of potatoes because of the retention of the personal property by defendants. His total claim of damages was the sum of $30,566.33.

The answer was quite complete in its averments. It is sufficient to state that it denied all of the material allegations in the complaint which charged wrongdoing on the part of defendants.

At the conclusion of the trial to the court, findings of fact, twenty in number, were made by the trial court, and thereafter conclusions of law based upon the findings were made, and a judgment rendered against respondents Parnell and Interstate Production Credit Association in the sum of seven hundred fifty dollars.

Being of the opinion that the amount of the judgment was insufficient, plaintiff has appealed. In so doing, he has asserted errors which properly call in question the correctness of the trial court's findings and conclusions, and judgment.

A considerable amount of evidence was introduced during the trial. It is not necessary, however, to set out that evidence to any great extent.

Appellant owned considerable personal property consisting of both heavy and light farming machinery of various kinds, and some livestock. July 2, 1945, he gave to respondent corporation a chattel mortgage on the personal property in the sum of $20,060, payable October 5, 1945. The obligation was not paid, and, on or about October 9, 1945, respondent corporation started to foreclose the mortgage by notice of sale. At that time, respondent Parnell, the sheriff of Whitman county, took the property into his possession. That property consisted of trucks, tractors, a combine, and other motor-driven machinery, livestock, wheat, and peas.

Prior to completion of foreclosure, appellant caused the proceedings to be removed to the superior court. That court entered its decree of foreclosure, and the property was duly advertised for sale. The sale was, at the request of appellant, postponed from time to time in order that he might obtain a purchaser at a greater price than that which might be received at the foreclosure sale and thereby pay his obligation and save his investment.

December 5, 1945, appellant sold a portion of the property to Ray Jeske. The purchase price, or at least a portion of it in the sum of $11,081.31, was paid to respondent corporation and applied on appellant's indebtedness. The crop of peas and wheat and some of the hogs were sold with the consent of appellant, and the proceeds applied on his indebtedness to the corporation. The mortgage indebtedness was fully paid on December 6, 1945, and appellant was then notified that he should call at the office of respondent corporation for the formal release. He did as requested and talked to the bookkeeper, who informed him that she did not know of the release. Respondent corporation kept the release and did not deliver it to the county auditor until July 1, 1946.

Shortly after the sheriff took the property into his possession, the temperature dropped below the freezing point, with the result that water in the jacket on the tractor froze, breaking the jacket, and the block on a truck was damaged, also due to freezing. Some other damages were testified to

by appellant. They consisted of weather damages to the drapers on the machinery and to the paint. Others were occasioned by a collision of two of the trucks. Appellant was of the opinion that, because of the damage just related, his property was depreciated in the sum of ten thousand dollars. He also testified that some of the property was not returned to him, and that his livestock was improperly cared for.

Respondents offered evidence to show that all the property received proper care, and that it was returned to appellant.

Appellant contended that, because the corporation did not file a release of the mortgage when it was paid, he could not finance his farming operations. There was no evidence introduced to show that the failure to file resulted in any loss to appellant. He simply made the claim, but did not prove his ability to borrow money had the release been filed.

■■ We have carefully considered the evidence as related in the statement of facts. From that study, we are unable to conclude that the evidence preponderates against the findings of the trial court. That being true, we must affirm the judgment. *Bohlke v. Wright*, 200 Wash. 374, 93 P. (2d) 321; *Sievers v. Sievers*, 11 Wn. (2d) 446, 119 P. (2d) 668.

The evidence showed that the damage caused by freezing and the other damages of which complaint was made, amounted to the sum of $750. The court based its conclusion concerning the amount upon the evidence which related to the extent of the damage and the repair of the machinery, and to the fact that the purchaser offered $12,000 for the property conditioned on its being in working order, and paid $11,081.31 upon finding it damaged, necessitating expenditures for repairs.

The judgment is affirmed.

April 8, 1949. Petition for rehearing denied.