[No. 32700. Department Two. May 21, 1954.]

JAMES M. UNOSAWA, *Appellant*, v. FLOYD WRIGHT, *as Administrator, Respondent.*[1]

*L. C. Brodbeck*, for appellant.

*Koenigsberg & Roberts*, for respondent.

HILL, J.—Dr. James M. Unosawa brought suit against the estate of E. Russell Smith, deceased, on a rejected claim for professional services of the alleged value of $7,978 rendered to the decedent between May 20, 1945, and April 12, 1952, of which the decedent allegedly had paid $1,104.18, leaving a balance due of $6,873.82. A judgment of dismissal was entered at the conclusion of a trial to the court, and this appeal followed.

A number of interesting questions are argued in the briefs, particularly with reference to the application of the so-called "dead man's statute" (RCW 5.60.030 [*cf.* Rem. Rev. Stat., § 1211]), to the testimony of Dr. Unosawa relative to the treatments which he had given the decedent, and the checks offered by him as evidence of partial payments. A discussion of these questions is unnecessary in view of what we

[1] Reported in 270 P. (2) 975.

regard as the decisive factor of the case, *i.e.,* that the trial court regarded as improbable the claim of Dr. Unosawa that he had rendered services for which he had not been paid.

We can assume—indeed, it is conceded—that Dr. Unosawa rendered services to the decedent over a long period of time, for which the doctor was entitled to be compensated. We can assume (but do not so hold) that all the evidence offered by the doctor should have been admitted on the issue of the frequency, extent, and value of the services. The result is still the same.

■■ The trial court was justified in believing that the books of account produced to substantiate the claim on which the action was based had been altered and were untrustworthy. There was evidence that the decedent always had substantial amounts of money in his possession or under his control, and that he paid his bills promptly. There were other circumstances, such as the age of the claim and the doctor's failure to press it; the failure to balance the account, even at the time of the doctor's enforced absence from the city and abandonment of his practice for some ten months in 1948 and 1949; and the inability to find anyone who ever saw the statements which the doctor said he had sent monthly—all of which were matters that the court had a right to consider on the issue of whether Dr. Unosawa had been paid for his services or the indebtedness was ever-mounting. See *Robertson v. O'Neill,* 67 Wash. 121, 120 Pac. 884 (1912); *McAllister v. Chambers,* 71 Wash. 521, 129 Pac. 85 (1913); 9 A. L. R. (2d) 220.

The evidence in support of the claim that payments had not been made and therefore that an indebtedness existed consisted primarily of the doctor's own testimony and the books of account which were admitted in evidence. The decision as to the credibility and weight to be attached to the doctor's testimony and records was for the trial court, who, after considering all the circumstances, branded Dr. Unosawa's claim as improbable. Where the trial court's determination of an issue hinges primarily upon the credibility of the evidence, it will not be disturbed on appeal.

*Bohlke v. Wright,* 200 Wash. 374, 93 P. (2d) 321 (1939); *In re Martinson's Estate,* 29 Wn. (2d) 912, 190 P. (2d) 96 (1948).

Our own examination of the record leaves us with the same feeling as that expressed by the trial court—an unwillingness to accept the doctor's records as being what they purport to be, and the belief that his claim, so far as it avers that payments were not made, is inherently improbable.

The judgment of dismissal is affirmed.

GRADY, C. J., SCHWELLENBACH, DONWORTH, and WEAVER, JJ., concur.